R. T. MAJOR AND NELLIE MAJOR, HUSBAND AND WIFE, APPELLANTS, *v.* OREGON SHORT LINE RAILROAD CO., RESPONDENT.

PERSONAL INJURIES — INSTRUCTIONS — PARTICULAR INSTRUCTION — "NEGLIGENCE IS NEVER PRESUMED"— WHEN NOT ERRONEOUS. FURTHER OF INSTRUCTIONS — "DEFENDANT NOT AN INSURER" — WHEN NOT ERRONEOUS. CHARGE OF TRIAL COURT — TO BE CONSIDERED AS A WHOLE.

*Personal Injuries — Instructions — Particular Instruction — "Negligence Is Never Presumed"— When Not Erroneous.*

Where in an action for damages for personal injuries, the trial court charged the jury that negligence was never presumed, and, at the same time, and in the same sentence, explained to them that, before they could find for the plaintiffs, they must find that one or more of the causes of negligence, alleged in the complaint, had been shown by a preponderance of the testimony, it was equivalent to charging that negligence was never presumed without proof, and that the proof to warrant a recovery, must show the existence of the facts set up as the cause of complaint — of circumstances from which negligence might be inferred, and the expression "negligence is never presumed," as used, could not have misled the jury, and no reversible error was committed.

*Further of Instructions — "Defendant Not an Insurer"— When Not Erroneous.*

In such a case, while an instruction that "the defendant was not the insurer of the safety of the passengers upon its train; and unless you find that the accident resulting in the injury complained of by the plaintiff, resulted from one of the defects alleged in the complaint, and which the defendant could not prior thereto have discovered by the usual and ordinary methods of inspection adopted and exercised by railroad companies as ordinarily operated, then your verdict should be for the defendant" considered in the abstract is objectionable, yet when taken in connection with that portion of the charge immediately following where it is said that "it was the duty of the defendant to use the utmost care and skill which prudent men " in the same kind of business would use under similar circumstances, the instruction is not misleading.

*Charge of Trial Court — To Be Considered as a Whole.*

When the charge of the trial court, as a whole, appears to state the law fairly and correctly, there is no reversible error, even if one portion of the charge, considered alone, is faulty.

(Decided December 11, 1899.)

Appeal from the Second District Court, Weber County, Hon. H. H. Rolapp, *Judge.*

Action by plaintiff to recover damages for personal injuries alleged to have been caused by the negligence of defendant company. From a judgment for defendant, plaintiff appealed. *Affirmed.*

*J. D. Murphy, Esq.,* and *T. D. Johnson, Esq.,* for appellant.

"According to the weight of authority in this country negligence is presumed when an injury results, from the breaking or defective condition of any of the appliances of a railway used in the carrying of passengers or in the method of their use."

In support of this rule we cite: *Sawyer* v. *Hannibal & C. R. R. Co.,* 37 Mo., 240; *Bowen* v. *N. Y. & C. Ry Co.,* 18 N. Y., 408; *Curtis* v. *Rochester & C. Ry Co.,* 18 N. Y., 534; *Ware* v. *Gray,* 11 Pick. (Mass.), 106; *McLean* v. *Burbank,* 11 Minn., 277; *Phila., etc., Ry. Co.* v. *Anderson,* 94 Pa. St., 351; S. C., 39 Am. Dec., 787; *Brehm* v. *Gt. Western Ry. Co.,* 34 Barb. (N. Y.), 256; *Sullivan* v. *Phila., etc., Ry. Co.,* 30 Pa. St., 234; *Toledo, etc., Ry. Co.* v. *Beggs,* 85 Ill., 80; *Pittsburg, etc., Ry. Co.* v. *Thompson,* 56 Ill., 138; *Edgarton* v. *N. Y. & C. Ry. Co.,* 35 Barb. (N. Y.), 389; *Caldwell* v. *N. J. Steamboat Co.,* 47 N. Y., 236; *Holbrook* v. *Utica, etc., Ry. Co.,* 12 N. Y., 236; *Roberts* v. *Johnson,* 58 N. Y., 613; *C. & A. Ry. Co.* v. *Pittsburg,* 123 Ill., 9 (5 A. S. Rep. and notes); *Fairchild* v. *Cal. Stage Co.,* 13 Cal., 599.

"The giving of contradictory instructions on a vital issue is ground for reversal." *Bluler* v. *Moore,* 69 N. W., 164; *Brown* v. *McAllister,* 39 Cal., 573; *Mc Creery* v. *Everding,* 44 Cal., 246; *Creighton* v. *Evans,* 53 Id.,

55; *Bank of S. F.* v. *Bliven*, 53 Id., 708; *Squire* v. *Alexander*, 58 Id., 21; *Harrison* v. *S. V. II. G. Co.*, 65 Id., 376.

*Messrs. Williams, Van Cott & Sutherland,* for respondent.

That negligence is not presumed, but on the contrary must be proved by the party alleging it, is a fundamental principle of the law of evidence, and supported by reason and authority. 1 Greenl. Ev., Sec. 8p and cases cited; 2 Redfield on Railways (6th ed.), p. 268; 1 Shearman & R. on Neg. (4th ed.), Sec. 55; 4 Elliott on Railroads, Secs. 1583 to 1587; Wharton on Neg., Sec. 421; 1 Rorer on Railroads, p. 697, and cases cited, among which is the case of *Delaware, Lackawanna & W. R.* v. *Napheys* 90 Pa., 135; S. C., 1 Am. Eng. Rd. Cases, 52.

The whole of the charge taken together is consistent, plainly and correctly stated, and the case was fairly submitted to the jury. *Hamer* v. *Nat'l Bank,* 9 Utah, 218, *et seq.; State* v. *Mc Coy,* 15 Utah, 141; *Anderson* v. *Daly Mining Co.*, 16 Utah, 38.

BARTCH, C. J.

This is an action to recover damages for personal injuries alleged to have been caused through the negligence of the defendant. It appears the plaintiff, Nellie Major, was a passenger on the company's train, and that the train was derailed near the town of Glens Ferry, Idaho. The car in which she was riding was upset, and she was injured. At the trial the jury returned a verdict of " no cause of action," and judgment was entered accordingly. Thereupon the plaintiffs appealed.

It is insisted on behalf of the appellants, that the

court erred in charging the jury as follows: "The court instructs you that negligence is never presumed, and before you can find for the plaintiffs in this case you must find that one or more of the causes of negligence, alleged in the complaint, have been shown, by a preponderance of the testimony, to have caused the injury complained of."

Following this is a statement of the negligence alleged as the cause of action.

The specific matter objected to is the statement that "negligence is never presumed." This expression considered, standing alone, strictly in a literal sense, unconnected with anything explanatory of its intended meaning, is probably susceptible of criticism, and yet it has the sanction of authority. In 1 Rorer on Railroads, p. 697, par. 7, the author says: "It is a well-settled principle of the common law, that to recover for injuries or loss occasioned by negligence, the negligence must be alleged by the plaintiff in his pleadings, and must by him be proven. Negligence is never presumed." Here we have the identical expression, and doubtless by its use, in a personal injury case, the intention is simply to convey the idea that, in the absence of proof of some dereliction of duty, no presumption of negligence can ever arise. Proof is the foundation of the presumption. Therefore until there is proof there is no such presumption. This is based upon the familiar principle that "negligence, being a wrong, will not be presumed, but must be proved by the party charging it and seeking a recovery founded thereon." *Lamb* v. *Camden and Amboy R. R. & L. Co.*, 46 N. Y.; *Railroad Co.* v. *Reeves*, 10 Wall, 176, 271, 279.

And the mere proof that an injury was received on the train or vehicle is not sufficient to raise the presumption of negligence. It must be further shown that there was

21 Utah—10.

some defect in appliances, or in the manner of their use. As soon, however, as these things appear by the plaintiff's evidence, the presumption of negligence on the part of those whose duty it is to carry the passenger safely with proper appliances and due care, immediately arises, and the *onus probandi* immediately shifts to the defendant. This results from the improbability that the defects in machinery or appliances, or the proper use and management thereof, were of such a character that with the exercise of a degree of care and skill commensurate with the nature of the business, and the danger attending its management, they could not have been detected or foreseen. For example, in the case at bar, the mere fact that Nellie Major was injured while riding on the carrier's railroad car, was of itself no evidence of negligence on the part of the defendant, nor any presumption thereof, for she might have been injured by the throwing, for instance, of some missile through the window of the car, by some person *from the outside entirely unknown to the* carrier, or in some other way not at all attributable to any fault of the carrier. When, however, in addition it appeared that, at the time of the injury, the train was wrecked; that the car in which the passenger was riding toppled over; that an axle of one of the cars was broken; and that there were some decayed ties in the roadbed where the accident occurred, a presumption of negligence immediately arose, a *prima facie* case was made out, and the *onus* was at once cast upon the carrier to show that these things occurred without any dereliction of duty on its part. Therefore, when the court charged the jury that negligence was never presumed, and, at the same time, and in the same sentence, explained to them that, before they could find for the plaintiffs, they must find that one or more of the causes of negligence, alleged in the com-

plaint, had been shown by a preponderance of the testimony, it was equivalent to charging that negligence was never presumed without proof, and that the proof, to warrant a recovery, must show the existence of the facts, set up as the cause of complaint,— of circumstances from which negligence might be inferred.

There appears to be no reason to suppose that the use of the expression objected to, as it occurs in the paragraph of the charge, misled the jury, and hence is clearly not reversible error.

This view of the law does not appear to be in conflict with the authorities cited by the appellants, as reference to some of them will show.

In *Curtis* v. *Rochester S. R. R. Co.*, 18 N. Y., 534, Mr. Justice Selden, speaking for the court, said: " Whenever it appears that the accident was caused by any deficiency in the road itself, the cars, or any portion of the apparatus belonging to the company and used in connection with its business, a' presumption of negligence on the part of those whose duty it was to see that everything was in order, immediately arises; it being extremely unlikely that any defect should exist of so hidden a nature that no degree of skill or care could have foreseen or discovered it;" and again he said: " In no instance, that I am aware of, has it been said by any judge, that negligence, on the part of the carrier, was to be presumed from the mere happening of an accident, except where the facts proved in the particular case fully warranted the presumption upon the principles here insisted upon."

So, in *D. L. & C. R. R. Co.* v. *Napheys*, 90 Pa., St., 135, Mr. Justice Starrett, delivering the opinion of the court, said: " The general rule is that a party who alleges negligence as the basis for a claim for damages, is bound to prove the fact alleged, and the extent of the injury, if

more than nominal damages are claimed; but in some cases slight proof only is required to justify a presumption of negligence. The mere circumstances attending the injury when put in proof may be enough to cast the burden of exculpation on the defendant. If a passenger seated in a railroad car is injured in a collision, or by the overthrow of the car, the breaking of a wheel, axle, or other part of the machinery, he is not required to do more in the first instance than to prove the fact and show the extent and nature of his injury. A *prima facie* case of negligence is thus made out, and the *onus* is cast upon the carrier to disprove negligence." *Ware* v. *Gray*, 11 Pick, 106; *Sawyer* v. *Hann. & St. Jo. R. R. Co.*, 37 Mo., 241, 259; *P. & K. R. R. Co.* v. *Anderson*, 94 Pa. St., 351; *T. W. & W. R. R. Co.* v. *Boggs*, 85 Ill., 80; *Holbrook* v. *The U. & S. R. R. Co.*, 12 N. Y., 236; see also 5 Am. & Eng. Ency. L. (2d ed.) 531; 1 Greenl. on Ev., Sec. 80.

The appellants also insist that the court erred in charging the jury that "the defendant was not the insurer of the safety of the passengers upon its train; and unless you find that the accident resulting in the injury complained of by the plaintiff resulted from one of the defects alleged in the complaint, and which the defendant could not prior thereto have discovered by the usual and ordinary methods of inspection adopted and exercised by railroad companies as ordinarily operated, then your verdict should be for the defendant."

This instruction standing alone and considered without reference to other portions of the charge, is objectionable when applied to a case like the one at bar, for in such a case the question is not whether the alleged defects in the appliances could have been discovered by the usual and ordinary methods of inspection and operation adopted by railroad companies, but whether by the exercise of the

utmost vigilance, aided by science and skill, the defects could have been discovered, and the accident avoided. While, however, the instruction, considered in the abstract, is objectionable, still, when read in connection with that portion of the charge which immediately follows it, and is explanatory of it, where the court stated that "it was the duty of the defendant to use the utmost care and skill which prudent men" in the same kind of business would use under similar circumstances, it is difficult to see how the jury could have been misled thereby. Especially is this so since the charge, considered as a whole, appears to state the law fairly and correctly. Under such circumstances that instruction will not be regarded as reversible error, even though, in itself, it does not state the law fully, and in that respect is faulty.

"The charge is entitled to a reasonable interpretation. It is *construed as a whole*, in the same connected way in which it was given, upon the presumption that the jury did not overlook any portion, but gave due weight to it as a whole, and this is so, although it consists of clauses, originating with different counsel and applicable to different phases of the evidence. If, when so construed, it presents the law fairly and correctly to the jury, in a manner not calculated to mislead them, it will afford no ground for reversing the judgment, although some of its expressions, if standing alone, might be regarded as erroneous; or because there may be an apparent conflict between isolated sentences; or because its parts may be in some respects slightly repugnant to each other, or because some of them taken abstractly, may have been erroneous. If, therefore, a single instruction is found which states the law incorrectly, and yet is qualified by others in such a manner that the jury were probably not misled by it, it will not be ground for reversing the judgment." Thompson on Trials, Sec. 2407.

In *State* v. *Mc Coy*, 15 Utah, 136, this court said: "Instructions must be considered together. An omission to fully state the law in one part of the instructions, where the omission is fully and accurately supplied in the instructions which follow, does not constitute reversible error, unless when from the whole charge it is reasonably apparent the jury were misled." *Hamer* v. *National Bank*, 9 Utah, 215; *Anderson* v. *Daly Mining Co.*, 16 Utah, 28.

Nor do we think the objection to-striking out the evidence of the witness Madden, relating to a pile of rotten ties, can avail the appellant under the circumstances of this case. The foundation for the introduction of that evidence was not well laid, and. besides, other witnesses testified, without objection, that some of the ties, where the accident occurred, were rotten, so that the fact was before the jury. Under such circumstances, the action of the court in the premises was not such as would justify reversal. *Wing Chung* v. *Los Angeles*, 47 Cal., 531.

We find no reversible error in the record. Judgment is affirmed, with costs.

BASKIN, J., concurs.

I concur in the order affirming the judgment, but do not concur in all of the reasoning of the court by which its conclusion is reached. The rotten condition of the ties taken from the track where the injury occurred just after the accident, and deposited on one side thereof was, in my opinion, admissible evidence. The foundation for the admission of the testimony of Madden was sufficiently laid, and his testimony should not have been stricken out. Other witnesses gave testimony as to the rotten condition of the ties, and that question was fully presented to the jury. Therefore, I conclude that the error was not so

prejudicial as to justify a reversal of the case on that ground.

MINER, J.