JONATHAN HOLLAND, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

No. 1419. (72 Pac. 940.)

1. Railroads: Accidents at Crossings: Record: Review of Ruling.

In an action against a railroad for injuries received in a collision at a crossing, it was alleged that defendant neglected to blow the locomotive whistle, or ring the bell, as required by law; Revised Statutes 1898, section 447, providing that every locomotive shall be provided with a bell, which shall be rung continuously for at least eighty rods before reaching a crossing, etc. Several witnesses were permitted to state, over defendant's objection, that defendant failed to ring the bell or to blow the whistle at a nearby crossing. *Held*, that, as the records did not disclose the distance between the two crossings, the trial court's ruling admitting this testimony would not be disturbed on appeal.

2. Same: Contributory Negligence: Burden of Proof.

The burden of showing contributory negligence is on defendant.

3. Same: Pleading: Defense.

In order that contributory negligence shall be available as a defense, it must be specifically pleaded, unless it is shown by plaintiff's testimony.

4. Same: When Question of Law.

Contributory negligence is a question of law only when the testimony is not conflicting and is such as permits no reasonable difference of opinion as to its effect.[1]

------

[1]Linden v. Mining Co., 20 Utah 134; 58 Pac. 355.

26 Utah—14

**5. Same: Non-Suit Properly Denied, When.**

Where the defendant failed to plead constributory negligence and the character of the testimony of the plaintiff is not such as permits of no reasonable difference of opinion as to its effect but in fact warrants a verdict for plaintiff, a motion for nonsuit is properly denied.

**6. Same: Instructions: Considered Together.**

In an action against a railroad for injuries received in a collision at a crossing, the court instructed that under the law defendant was liable for all damages resulting from a neglect to ring the locomotive bell or sound the whistle as required before reaching the crossing, and then followed this instruction with others in which the jury were told that, notwithstanding defendant was negligent in this respect, plaintiff could not recover if he was negligent in failing to discover the approach of the train. *Held*, that, as it did not appear that the jury was misled as to defendant's liability, the error in the first instruction was harmless.[2]

**7. Same: Instructions: Refusal Proper, When.**

Where the instructions given correctly stated the law, fully covered the whole case, and properly submitted it to the jury, the court properly refused a requested instruction[3]

(Decided June 30, 1903.)

Appeal from the First District Court, Cache County.— *Hon. Charles H. Hart,* Judge.

Action to recover damages resulting from the alleged negligence of the defendant. From a judgment in favor of the plaintiff, the defendant appealed.

AFFIRMED.

*P. L. Williams, Esq.,* and *Geo. H. Smith, Esq.,* for appellant.

*Geo. Q. Rich, Esq.,* and *L. R. Rogers, Esq.,* for respondent.

[2]State v. McCoy, 15 Utah 136; 49 Pac. 420; Major v. Oregon Short Line R., 21 Utah 141-149; 59 Pac. 522; Anderson v. Daly Mining Co., 16 Utah 28, 50 Pac. 815.

[3]State v. Haworth, 24 Utah 398; 68 Pac. 155.

BASKIN, C. J.—This is an action for the recovery of damages resulting from the alleged negligence of the defendant. The answer, after admitting that it was and is a corporation, denied each and every other allegation of the complaint. It appears from the evidence that the plaintiff, while driving his team, attached to a mowing machine, on the public highway, across the defendant's railroad, at what was known as the "Knowles Crossing," was struck by a moving train of the defendant, thereby receiving a personal injury, his team killed, and the mowing machine broken up. A judgment was rendered in favor of the plaintiff.

1. The first assignment of error is as to the admission, over the objection of the defendant, of the statements of several witnesses that the bell on the train was not rung or its whistle blown at the sugar factory crossing. Among the negligent acts of the defendant, alleged in the complaint, was its omission to blow the locomotive whistle or ring the bell, as required by law and the ordinances of Logan City. Section 447, Revised Statutes 1898, which was in force at and before the time of the injury, provides that "every locomotive shall be provided with a bell weighing not less than twenty pounds, which shall be rung continuously from a point not less than eighty rods from any street, road, or highway crossing, until such street, road, or highway shall be crossed, but the sounding of the locomotive whistle at least one-fourth of a mile before reaching any such crossing shall be deemed equivalent to ringing the bell as aforesaid, except in towns and at terminal points." Counsel for appellant correctly state in their brief that "the absence of the map which was offered in evidence by defendant, and which was one of the exhibits, makes it impossible to show the court what the actual distance was from the [sugar factory] crossing to the place of the collision." That map is not in the record, and from the oral evidence it is impossible for this court to determine whether the distance from the sugar factory crossing to the Knowles crossing was

more than eighty rods. This being so, the objection to the admission of the testimony in question cannot be sustained.

2. At the close of the plaintiff's evidence in chief the defendant moved for a nonsuit, which was denied, and the defendant excepted. The ground of the motion was, in substance, that the evidence in chief disclosed gross contributory negligence on the part of the plaintiff. Contributory negligence of the plaintiff was not pleaded in the defendant's answer. The burden of showing contributory negligence is upon the defendant, and to be available as a defense must be specially pleaded, unless it be shown by the plaintiff's testimony. Stone v. Hunt, 94 Mo. 475, 7 S. W. 431; Magee v. North. Pac. Ry., 12 Am. St. Rep. 69, and note; 5 Ency. Pl. and Pr., pp. 1-3, 10-13. Contributory negligence is a question of law only when the testimony is not conflicting, and is such as permits no reasonable difference of opinion as to its effect; but, "whenever there is any doubt as to the facts, it is the province of the jury to determine the question, or whenever there may reasonably be a difference of opinion as to the inference and conclusions from the facts it is likewise a question for the jury. It belongs to the jury, not only to weigh the evidence and find upon the questions of fact, but to draw conclusions as well alike from disputed and undisputed facts." Beach on Contributory Negligence, sec. 450; Linden v. Anchor Min. Co., 20 Utah 134-138, 58 Pac. 355. Therefore, as the defendant failed to plead contributory negligence, a nonsuit was properly denied, unless the character of the testimony in chief of the plaintiff is such that no other inference or conclusion than the contributory negligence of the plaintiff can be reasonably drawn therefrom. But such is not its character. On the contrary, it warranted a rendition of a verdict in favor of plaintiff.

3. The second instruction given to the jury is as follows: "The court instructs you that on the 13th day

of August, 1901, there was and still is in force a statute law of this State, reading as follows." The court then read section 447, Revised Statutes 1898, which contains the requirement hereinbefore quoted in respect to the ringing of the bell and sounding the locomotive whistle. Said section also provides that "every person in charge of a locomotive, for any neglect to observe the provisions of this section, shall be deemed guilty of a misdemeanor, and the corporation shall be liable for all damages which any person may sustain by reason of such neglect." The exception taken by the defendant at the trial to this instruction is as follows: "Defendant excepts to the second paragraph of the charge to the jury, and particularly to that part of it in which the jury are instructed that the corporation shall be liable for all damages which any person may sustain by reason of such negligence, referring to the neglect to have the bell provided and rung, and whistles sounded, as provided in said section of the statute, for the reason that the said charge makes the defendant absolutely liable for the negligence referred to, without regard to the contributory negligence on the part of the plaintiff, or without regard to the failure upon his part to exercise reasonable and ordinary care and caution at and about the railroad track and public crossing."

Among other instructions, the following were given to the jury: "Negligence of the defendant in the omission to sound its whistle or ring its bell, or in running at an unusual or unlawful rate of speed, if you find such was the case, did not relieve the plaintiff from the exercise of care on his own part to avoid the accident complained of. It was his duty, on approaching the railroad track, to use his senses of sight and hearing to ascertain whether or not a train was approaching upon the railroad track from either direction; and if there were any objects that intercepted his vision, and prevented him from seeing the approaching train in the direction from which it came, then the law imposes upon him greater care to discover whether or not a train was

approaching by the exercise of his sense of hearing; and if he could not see the train approach, and his vehicle and team caused any noise that would interfere with or lessen his opportunities to determine the approach of the train by the exercise of his sense of hearing, then, in order to be himself in the exercise of reasonable care and caution, it may have been his duty before going upon the track to stop and listen, to ascertain whether or not a train might be approaching.  Therefore the court instructs you that if you should find that the defendant was guilty of either or any or all of the negligent acts of commission or omission charged in the complaint, and if you further find that the plaintiff, as he approached the track at the point where the accident ocurred, could have discovered the approach of the train by looking, and listening, but that he omitted or failed to discover the approach of the train until it was too late to avoid the accident, then the injury of which he complains was the result, not of the negligence of the defendant, but was the result of his own negligence co-operating with that of the defendant, if you find that it was so negligent, and therefore the plaintiff would not be entitled to recover in this case.  .  .  .  The duty of a traveler upon a highway at a railroad crossing to look and listen, and to use care for the purpose of discovering the approach of the train, before undertaking to pass over the railroad, exists upon every occasion of his approaching such crossing.  He is not relieved or excused from exercising the care required of him for the reason that he approaches such crossings at the time when no regular train is due.  The railroad track itself is an admonition of danger, and the railroad company has a right to run its trains over the track at regular periods, or as special or extra trains, or in event of their being behind time, the same as upon the regular schedule, and the obligation to look and listen is one from which the traveler is at no time excused upon approaching and proposing to cross a railroad at grade.''

This court held in State v. McCoy, 15 Utah 136,.

141, 49 Pac. 420, that "instructions must be considered together. An omission to fully state the law in one part of the instructions, where the omission is fully and accurately supplied in the instructions which follow, does not constitute reversible error, unless when, from the whole charge, it is reasonably apparent the jury were misled." Major v. Oregon Short Line R. R. Co., 21 Utah 141-149, 59 Pac. 522; Anderson v. Daly Mining Co., 16 Utah 28, 50 Pac. 815. The giving of the second instruction excepted to, in view of the instructions which followed it, was not error.

4. The refusal to give certain instructions requested by the defendant is assigned as error. As the instructions given correctly stated the law applicable to the facts disclosed, and fully covered the whole case, and properly submitted it to the jury, the refusal to give the instructions requested by the defendant was not error. State v. Haworth, 24 Utah 398, 425, 68 Pac. 155, and cases there cited.

The judgment is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.