
## HARRY WELLS, Respondent, v. UTAH CONSTRUCTION COMPANY, a Corporation, Appellant.

### No. 1530. (76 Pac. 560.)

**Action for Negligence: Presumption: Occurrence of Accident: Burden of Proof: Refusal of Instructions.**

In an action for personal injuries, it is error to refuse to instruct that the mere fact that the accident has happened is not sufficient proof to charge defendant with negligence, and that if the jury find that the weight of the evidence is in favor of defendant, or that it is equally balanced, then plaintiff can not recover.[1]

### (Decided April 22, 1904.)

Appeal from the Third District Court, Tooele County. —*Hon. C. W. Morse,* Judge.

Action to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. From a judgment in favor of the plaintiff, the defendant appealed.

REVERSED.

*Messrs. Henderson & Macmillan* and *William S. Marks, Esq.,* for appellant. *P. L. Williams, Esq.,* of counsel.

*L. R. Rogers, Esq.,* and *Geo. McCormick, Esq.,* for respondent. *John A. Street, Esq.,* of counsel.

---

[1] Major v. O. S. L. R. Co., 21 Utah 141, 59 Pac. 522.

BASKIN, C. J.—This is an action to recover for personal injuries of the plaintiff, alleged in the complaint to have been caused by the negligence of the defendant. A verdict and judgment were rendered in favor of plaintiff, and the defendant's appeal is from the judgment.

There are 37 errors assigned by the defendant, among which is that the court erred in refusing to give the following instruction requested by the defendant: "*You are further charged that the mere fact that the accident has happened is not sufficient proof to charge the defendant with negligence.* The burden of proving negligence rests on the party alleging it, and, when a person charges negligence on the part of another as a cause of action, he must prove the negligence by a preponderance of the evidence. *And in this case, if the jury finds that the weight of the evidence is in favor of the defendant, or that it is equally balanced, then the plaintiff can not recover, and you should find the issues for the defendant.*" The instructions given by the court did not include or touch the portions of the foregoing instruction requested by the defendant which are italicized. This court held in an opinion delivered by BARTCH, C. J., that "the mere proof that an injury was received on the train or vehicle is not sufficient to raise the presumption of negligence. It must be further shown that there was some defect in appliances, or in the manner of their use." See Major v. O. S. L. Ry. Co., 21 Utah 145, 59 Pac. 522. In the case of Brymer v. Southern Pacific Company, 90 Cal. 496, 27 Pac. 371, an instruction was requested by the defendant in which the following sentence occurred, viz.: "The mere fact that an accident occurred by which the plaintiff was injured does not fix the liability, or even raise a presumption that the defendant was at fault in providing machinery or appliances for the labor in which the plaintiff was engaged." The defendant moved for a new trial, which was granted on the ground that the court

erred in refusing to give the instruction requested. In the opinion of the Supreme Court it is said: ''We think the instruction ought to have been given. The use of the word 'accident,' in the instruction, is not obnoxious to the criticism put upon it by appellant. The court meant to say simply that the mere fact that the chain broke would not authorize the inference that the defendant had failed to exercise reasonable care in the selection of the appliances used. Such is the fair import of the word as used, and the jury must have so understood it.'' In 1 Blashfield's Instructions to Juries, p. 771, sec. 349, it is correctly stated that ''in civil cases, where evidence is equally balanced, the verdict of the jury must be against the party on whom rests the burden of proof; and an instruction to that effect is, of course, proper, and should be given on request.'' The instruction requested by the defendant was correct in all of its parts, and the trial court therefore erred in omitting any part of the same in the instructions given to the jury.

We do not deem it necessary or practicable to investigate the numerous other errors assigned.

The judgment is reversed, with costs, and the case remanded for a new trial.

BARTCH and McCARTY, JJ., concur.