## SMITH v. OGDEN & N. W. R. CO.

No. 1833.   Decided December 9, 1907 (93 Pac. 185).

1. RAILROADS—FIRES—COMBUSTIBLE MATERIAL ON RIGHT OF WAY.
   A railroad company must keep its right of way free from com-
   bustible material, and when it negligently permits such material
   to accumulate thereon, and the same takes fire from a passing
   engine, and it is communicated to adjoining property, which is
   injured, without the negligence of the owner, the railroad com-
   pany is liable.

2. SAME—RAILROAD TRACK ON HIGHWAY. A railroad company main-
   taining its track on a public highway must keep at least such por-

33 Utah—9

tions of the highway as it occupies and uses in the operation of its railroad, and such portions as may be properly regarded as its right of way, free from combustible material.

3. SAME—ACTIONS—INSTRUCTIONS. Where, in an action against a railroad company maintaining its track on a public highway for fire set by sparks from its engines and communicated from combustible material in the highway to adjoining property, there was evidence justifying a finding that the fire originated on the right of way, a charge that the railroad company was not responsible for the combustible material in the highway, and was not liable for the damages sustained, was reversible error.

4. APPEAL—REVIEW—INVITED ERROR. A party cannot complain on the ground that the court charged on a subject neither presented by the pleadings nor the evidence, where he requested the court to charge on the subject.

5. SAME. A party requesting the court to charge on a subject may complain that the court erroneously stated the law, where it was not stated as requested.

6. NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF. Plaintiff is not required to allege and prove, in the first instance, freedom from contributory negligence, and the burden of proving contributory negligence is on defendant, unless it is shown by plaintiff's evidence.      •

7. SAME. Where contributory negligence is shown by plaintiff's evidence, defendant may interpose a motion for nonsuit on that ground, though there is no plea of contributory negligence.[1]

8. SAME. Where there is sufficient evidence, whether supplied by plaintiff or by defendant, on which a charge of contributory negligence may be predicated, the court, at the request of either party, should charge on the subject, though there is no plea of contributory negligence.

9. SAME. Where there is a plea of contributory negligence, but there is no evidence on which to predicate a charge on contributory negligence, such a charge should not be given.

10. SAME. The general denial puts in issue such of the general averments of the complaint as plaintiff must prove to maintain the action, and under it defendant may introduce any evidence dis-

---

[1] Bunnell v. Railway Co., 13 Utah, 314, 44 Pac. 927; Clark v. Railroad Company, 20 Utah, 401, 59 Pac. 92; Holland v. Railroad Co., 26 Utah, 209, 72 Pac. 940.

proving the negligence charged against him, or the causal connection of his negligence and the injury; but a plea of contributory negligence is essential to entitle defendant to introduce evidence of contributory negligence.

11. RAILROADS — FIRES — ACTIONS — PLEADING AND PROOF — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE. A railroad company, in an action against it for fire set by sparks emitted from its locomotives, may, under the general issue, prove that it was not guilty of the negligent acts charged, that the fire was occasioned by persons over whom it had no control, or that plaintiff caused it, and may prove its acts of caution in guarding against the spread of fire, and that the fire, though negligently started, did not reach plaintiff's land, or that an independent cause intervened between its acts and the injury; but it cannot show that plaintiff was guilty of contributory negligence in suffering combustible material to remain on his property in close proximity to the track, or that plaintiff after the discovery of the fire negligently failed to make reasonable efforts to save his property, such acts not being available, unless especially pleaded.

12. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE. The duty rests on one who discovers that a fire is advancing towards his property to make every reasonable effort to prevent its destruction.

13. RAILROADS — FIRES — CONTRIBUTORY NEGLIGENCE — EVIDENCE. In an action against a railroad company for fire set by sparks emitted from its locomotives, evidence *held* insufficient to show negligence of plaintiff or his employees in charge of the property destroyed by fire, based on a failure to save the property from destruction after discovery of the fire and its advance towards the property.

14. EVIDENCE — OPINIONS — SUBJECTS OF EXPERT TESTIMONY. Where, in an action against a railroad company for fire set by sparks from its locomotives, it was not impracticable to put the jury in possession of all the facts, it was error to allow hypothetical questions calling for the opinion of witnesses as to the degree of diligence which should have been exercised by plaintiff and his employees in saving the property from destruction after discovering the fire.

15. TRIAL — INSTRUCTIONS — EVIDENCE. Where, in an action against a railroad company for fire set by sparks emitted from its locomotives, there was no evidence of an independent cause intervening between the negligent acts of the railroad company and the injury, and evidence that its negligent acts were the proximate cause of the injury, an instruction that if, after the commission of the negligent acts, there intervened an independent act which caused the injury, the acts were interrupted and were too remote, was erroneous, because of the absence of evidence on which to base it.[1]

---

[1] Belnap v. Widdison, 90 Pac. 393.

APPEAL from District Court, Second District; J. A. Howell, Judge.

Action by A. R. C. Smith against the Ogden & Northwestern Railroad Company. From a judgment for defendant, plaintiff appeals.

REVERSED, AND REMANDED FOR NEW TRIAL.

*George Halverson* and *T. N. Kimball* for appellant.

*C. C. Richards* and *Van Cott, Allison & Riter* for respondent.

## APPELLANT'S POINTS.

It is the duty of a railroad company to keep its right of way free from dry grass, weeds and other combustible materials, in order that fire may not be set out of its right of way; and, if it negligently permits dry grass, weeds, leaves or other combustible material to accumulate and remain in its right of way, and the same takes fire from one of its passing engines, and is communicated to an adjoining farm, where it destroys the property of the owner without negligence on his part, such railroad company is liable. (*Railway v. Ludlem* [Kan.], 66 Pac. 1045; *Eddy v. Lafayette,* 163 U. S. 456, 16 Sup. Ct. 1082, 48 L. Ed. 225; *Watts* v. *Railroad,* [Nev.], 44 Pac. 423; *Perry v. Railroad,* 50 Pac. 578; *Flynn v. Railroad,* 40 Cal. 14; *Railroad v. Ward,* 48 Ind. 776; *Toxler v. Railroad,* 74 N. C. 377, 41 Cent. Dig., secs. 1673-1676; *Watt v. Railroad,* 44 Pac. 424; *Railroad v. Wise,* 74 N. E. 1107; *Sampson v. Hughes,* 81 Pac. 292.)

## RESPONDENT'S POINTS.

We do not deny the rule that negligence of the plaintiff as a contributing cause of his own injury is a defense which should be pleaded, but this is not so as to the negligence of the plaintiff of either commission or omission tending to enhance his damage and not a contributing cause of his injury.

The latter may always be shown under the general denial. (1 Thompson on Neg., sec. 201; 1 Sutherland on Damages, 191; *Osborn v. Lovell,* 36 Mich. 250; *Owens v. Railroad Co.,* 1 L. R. A. 75 and note; *Stebbins v. Railroad,* 41 Am. 855; *Lawrence v. Porter,* [Mich.], 26 L. R. A. 167; *Toledo, etc.. Co. v. Pindar,* 53 Ill. 447; *Dobbins v. Duquid,* 65 Ill. 464; *Blizzard v. Applegate,* 61 Ind. 368; *Memphis, etc., Co. v. Hembree* [Ala.], 4 So. 392.)

A railway company having the legal right to propel its cars by steam along a public highway is not liable for fires communicated by its engines, unless it has been negligent in their construction or management. (1 Thompson on Neg., 153 and notes; *Tilley v. Railroad,* 39 Kan. 535, 6 S. W. 9; *Vaughan v. Railroad,* 5 Hurl. & N. 678; *Burrows v. Railroad,* 15 Conn, 124, 38 Am. Dec. 64.

STRAUP, J.

This action was brought to recover damages for the destruction of property by fire alleged to have been caused by the negligence of the defendant in the operation and management of its engine. The particular negligence charged against the defendant was in permitting dry grasses and weeds to be and remain upon its right of way, in failing to equip its engine with a proper spark arrester, and in the manner of handling and operating the engine. The answer was a general denial. A trial before the court and a jury resulted in a verdict for the defendant. Plaintiff appeals.

The defendant's track was maintained upon a public street or highway. Plaintiff's land was eighty or one hundred rods north of the track. A Mr. Stephens and a Mr. Ellis owned two parcels of land lying between plaintiff's land and the track. The highway and defendants right of way were covered with dry June grass, which, at the time of the fire, about the middle of July, readily ignited. There were also June and other dry grasses on lands adjoining the track and lying between the track and plaintiff's land. On the day in question, as defendant's engine was propelled and operated over its road, a number of fires were started from sparks and

coals which were emitted from the engine, one of which fires started at the Stephens land, and others to the east and west of that place.    The fire which started at the Stephens land spread from there to plaintiff's land where it destroyed his hay in the stack, his pasturage, and his fences.    None of the other fires reached his land.    That all the fires were caused by sparks and coals emitted from the defendant's engine, there is no substantial conflict in the evidence.    That some of the fires which started to the west and the east of the Stephens land originated on the defendant's right of way is also beyond dispute. Whether the particular fire which spread to plaintiff's land started from sparks thrown on the defendant's right of way, or from sparks thrown on the Stephens land adjoining the street and right of way, the evidence is conflicting; but there is sufficient evidence in the record to justify a finding by the jury that it started on defendant's right of way.    The court charged the jury:    "You are instructed that the defendant's railroad, where it passes along the road in the vicinity of the premises sued for by the plaintiff as having been damaged, was in the public highway, over which defendant had no control further than to maintain and operate its railroad, and that if there was dry grass or other combustible material growing in said highway and along the said defendant's said railroad track, or in the fields adjoining such highway, the defendant was not responsible therefor, and cannot be held liable for any damage sustained by the plaintiff, if you find that the plaintiff was damaged, by the setting on fire of such dry grass or other combustible material growing in said public highway, or in the fields adjoining the same, by the sparks from its said engine, provided the said engine was supplied with the most approved apparatus for the prevention of the emission of sparks and coals of fire, and that the engine was in good repair at that time, and operated by a competent engineer with reasonable care and skill at the time the fire was started by said engine, if you find that the engine started the fire."

Plaintiff's exception to this charge must be sustained.

From this, as well as other portions of the charge, it will be seen that the court restricted the jury's finding on the question of the defendant's negligence to the allegations with respect to equipment and management of the engine, and entirely took from their consideration the alleged acts of negligence with respect to permitting dry grass and combustible matter to accumulate and remain on and along the defendant's railroad track. That it is the duty of a railroad company to keep its right of way free from dry grasses and other combustible materials in order that fire may not be set out on its right of way, and if it negligently permits dry grasses and other combustible material to accumulate and remain on its right of way, and the same takes fire from one of its passing engines and is communicated to an adjoining farm, where it destroys the property of the owner without negligence on his part, the railroad company is liable, is not questioned by the respondent. As is said by the authorities, the removal of such combustible substances is quite as much a means of preventing the communication of fire from locomotives as is the use of inventions for preventing the escape of fire from the locomotives themselves. The charge evidently was given on the theory that, inasmuch as the defendant maintained its track upon a public highway over which it had no control, no duty was imposed upon it to keep its right of way clear of such combustible substances. But the duty imposed upon it in such case is the same as though it owned the right of way, at least to such portions of the highway occupied and used by it in the operation of its railroad and to such portions as may be properly regarded its right of way. (*Lake Erie & W. R. Co. v. Middlecoff,* 150 Ill. 27, 37 N. E. 660.) This principle of law is not, in this court, seriously controverted by the respondent. It is, however, contended by it that the error was harmless, because, as it claims, the evidence shows that the particular fire which spread to plaintiff's land did not start on the right of way, but started from sparks thrown on the Stephens land, and hence its alleged negligence in permitting dry grasses and other

combustible material to be and remain on its right of way was
not a contributing cause of the injury. Upon this point we
have carefully examined the transcript, and while it may be
said the evidence pertaining to it is not very direct, still
we are of the opinion that there is sufficient evidence to jus-
tify a finding that this particular fire originated on the de-
fendant's right of way. The charge of the court was there-
fore erroneous and prejudicial.

A further complaint is made by the plaintiff because of the
court's charging the jury on the question of contributory neg-
ligence. This complaint is based upon the ground that con-
tributory negligence was not pleaded, and on the further
ground that there was no evidence to justify a finding of such
negligence. The plaintiff, however, is not in a position to
make such claim, for the reason that he himself requested the
court to charge upon the subject. While the plaintiff may
still be heard to complain that the court erroneously stated
the law, if it was not stated as requested by him, nevertheless
he cannot be heard to complain upon the ground that the
court charged upon a subject which was neither presented by
the pleadings nor the evidence when he himself requested the
court to do so. As the judgment must be reversed, and a
new trial granted because of the assigned error already re-
viewed, and as the questions of contributory negligence at-
tempted to be presented are likely to arise on a new trial, we
have concluded to consider them. The rule obtains in this
jurisdiction that the plaintiff is not required to allege nor
prove in the first instance his freedom from negligence. He
is required to allege and prove negligence on the part of the
defendant, and that such negligence, as a natural and direct
result, occasioned the injury. The burden of proving con-
tributory negligence is upon the defendant, unless it is shown
by plaintiff's evidence. When it is shown by his evidence,
the defendant may interpose a motion for nonsuit on that
ground, although there is no plea of contributory negligence.
(*Bunnell v. Railway Co.,* 13 Utah 314, 44 Pac. 927; *Clark
v. O. S. L. Ry. Co.,* 20 Utah 401, 59 Pac. 92; *Holland v. O.*

*S. L. R. Co.,* 26 Utah 209, 72 Pac. 940.) The plea is not material in support of the motion, for the motion is based on the ground that the plaintiff has not proven the case alleged in his complaint, but has proven facts outside of it and which defeat his right to recover. So, too, whenever there is sufficient evidence in a case, whether supplied by the plaintiff or by the defendant, upon which a charge of contributory negligence may properly be predicated, the court, at the request of either party, should charge upon the subject, although again there is no plea of contributory negligence. Though there be a plea of contributory negligence, yet, if there is no evidence in the case upon which to base a charge of such negligence, none should be given by the court. If there is no evidence either on the part of the plaintiff or the defendant on such issue, the court should not submit that issue to the jury anymore than it should submit any other issue to them upon which there is no evidence.

A plea of contributory negligence is essential only to entitle the defendant to introduce evidence in support of such a defense. The general denial puts in issue such of the general averments of the complaint as the plaintiff is bound to prove in order to maintain his action. Under the general issue, the defendant may introduce any evidence which tends to disprove the negligence charged against him, or which tends to disprove the causal connection of his negligence and the injury; but a plea of contributory negligence is essential to entitle the defendant to introduce evidence which does not tend to disprove such facts, but which merely tends to prove negligence on plaintiff's part, concurring and combining with the defendant's negligence, and as a proximate cause contributing to plaintiff's injury. That is to say, the defendant, under the general issue, may not introduce evidence which does not tend to disprove his negligence or its causal connection, or the averments essential to plaintiff's recovery, but which, nevertheless, tends to relieve him of the legal consequences of his negligence. To do so a special plea is necessary. Applying this principle to the kind

of case in hand, the defendant, under the general issue, may, among other things, prove: That it was not guilty of the acts charged. That the fire was occasioned by persons over whom, or from causes over which, it had no control, or that the plaintiff himself caused it. The acts of caution exercised by the defendant in guarding against or preventing the spread of fire. That the fire, though negligently started by the defendant, nevertheless did not reach plaintiff's land or destroy his property, or that an independent cause intervened between its alleged acts of negligence and the injury which was the sole proximate cause; and, of course, all other things and causes which tend to disprove defendant's negligence, or the causal connection of such negligence. But the defendant, under the general issue, may not show that the plaintiff was guilty of what in law is termed "contributory negligence." For instance, he may not show that the plaintiff was guilty of negligence in suffering combustible material to be and remain upon his property, or in close proximity to the railroad track, or after the plaintiff or his servants in charge discovered the fire, they negligently failed to make reasonable efforts to prevent its spreading to plaintiff's property or to save it from destruction. Such acts amount to negligence on plaintiff's part, which concurred and combined with the negligence of the defendant, while the latter's negligence was still continuing and causal, and which, together with the plaintiff's negligence, directly, concurrently, and proximately contributed to the injury. While such evidence tends to prove that the plaintiff's negligence was a concurrent and proximate cause, it does not tend to disprove the concurrent and proximate cause of defendant's negligence. It, therefore, does not controvert the facts which plaintiff must establish in order to sustain his action, but only avoids the legal consequences of such facts. And whenever such is the only effect of the proffered evidence a special plea is essential. For these reasons the general rule obtains that the defense of contributory negligence is not available as a defense, if not specially pleaded, unless plaintiff's evidence discloses such negligence. As has been shown, however, the court is not under all circumstances pre-

cluded from charging on such subject, because there was no such plea. ∶

This, then, brings us to the further claim made, that there is no evidence in the case tending to show the plaintiff guilty of such negligence. That there is a total want of evidence tending to show the plaintiff guilty of negligence in the first instance is conceded. That is, there is no evidence showing that the plaintiff had anything to do with causing the fire, or that he was in any particular responsible for it, or that he was negligent in maintaining combustible substances upon his premises or near the railroad track, or that he otherwise made a negligent use of his property, or that he was even guilty of negligence in preventing the fire spreading to his land. The only claim made by the respondent in this respect is that the employees of the plaintiff (ten in number) working in his hay-field stacking hay at the time of the fire, had they not devoted so much effort in attempting to save the hay stacks, and had they directed more attention to the fire along the fence, some or most of the fence posts might have been saved. The law undoubtedly is that when a fire is once started and is discovered by the plaintiff, a duty is resting upon him to make every reasonable effort to save his property. After discovering that the fire has started, and that it is advancing towards his property, the plaintiff cannot negligently stand still and allow the fire to advance and destroy his property, when, with reasonable efforts, he might prevent such destruction, and then be permitted to recover for such a loss. The property owner is bound to use all reasonable efforts to save his property and to minimize his loss, and if, by the use of such efforts, all damages could have been prevented, no recovery can be had. If after discovering the fire all the property could not have been saved, but with reasonable efforts some of it could have been saved, the plaintiff may not recover for the loss of that which could have been saved by such efforts. The evidence shows that a brisk wind was blowing towards plaintiff's property, and that the fire spread to it like a prairie fire. The plaintiff was not in his field at the time of the fire, but

was at his house. What distance that was from the fire is not
made to appear. When plaintiff first discovered the fire, it
had swept over the fields and was consuming his haystacks.
So far as made to appear, there was not anything that he
could have done which would have saved his property. Conceding that the record sufficiently shows that the plaintiff's
employees in the field were in charge of his property, and that
its care had been intrusted to them in the sense that their negligence should be imputed to plaintiff    (*Railroad Co. v. Mc-
Kay,* 69 Miss. 139, 12 South. 447), yet, from an examination
of the record we have been unable to find any evidence tending to show a lack of diligence on their part. To the contrary,
we find evidence showing that they did all in their power to
arrest the progress of the fire and to save the property. The
transcript of the record consists of over nine hundred pages
of typewriting, and it may be that we have overlooked some
of the evidence on this point. But neither party has called our
attention to any evidence which would justify a finding that
plaintiff's employees did not use all reasonable efforts and diligence in such regard.    The only matters to which our attention has been directed consist of answers made over
plaintiff's objections by some of the defendant's witnesses to
certain hypothetical questions propounded to them. These
rulings are also assigned as error, and will be considered later.

But, with the answers in the record, the evidence, in our
judgment, is wholly insufficient to justify a finding that plaintiff's employees were guilty of negligence in failing to arrest
the progress of the fire, or in saving the property. One of the
hypothetical questions propounded to defendant's witnesses
by its counsel, and which was permitted to be answered over
plaintiff's objections, is as follows: "Q. Assuming that upon a field out here a fire was started in one field and passed
along from that on to the next upon which there were ten men
working hay, and after the fire crossed onto the field where
they were working, and observing that it was coming, the hay-
stacks, they tried to fight it from the haystacks, but being unable to prevent the burning of the stacks, if they had directed

their attention to the fighting of the fire and putting out the posts, the fire had communicated from the June grass stubble to the lucern stubble, growing in the field, in your opinion would ten men have been able to put out .the fire that attacked or started from that field fire in the fencing?" Another was: "Q. Now, assuming Mr. Smith had ten men working upon his place stacking his hay at the time that the fire came over from Mr. Ellis' field to his field and burned up that way, and the fire traveling so rapidly that they were unable to do anything towards saving the hay further than to throw it off two wagons and get the wagons out of the way, I will ask you if those men had directed their attention toward extinguishing the fire along the line of those fences of Mr. Smith's where the posts took fire and burned out, if the fire could have been extinguished in those posts in time to have saved them?" The first question was answered in the affirmative. The second was answered: "A. If I understand your question that, that is, that those men would have directed their attention towards saving the posts? Q. The fire came so fast that they discovered they couldn't save the hay, and running the two wagons off on which the hay was standing, to save them, if those men had turned their attention toward the saving of the posts that took fire and had followed the fire up, whether or not those ten men could have put the fire out as it caught the posts in the fence and saved the posts from burning up, so they would have been practically saved? A. Yes; I think they could." ·Questions of like kind were also propounded to and similar answers made by other witnesses. Some of these witnesses also testified that, in their opinion, had less attention been given to the stacks and more to the posts, some or most of them might have been saved by beating and whipping them with sage brush. Some of them also testified that, had they been there, they would have tried to save the haystacks instead of the posts. Such evidence does not tend to show that plaintiff's employees were guilty of negligence. It only tends to show that if the men had not devoted so much effort to the haystacks they might

have saved some or most of the posts. One haystack and wagons were saved. Had more attention been given to the fence, these might have been lost. In such case the hypothetical questions could have been propounded on the theory that too much attention had been given to the fence. Lack of diligence cannot be predicated on the fact that plaintiff's men made more effort to save what appeared to be the most valuable part of the property, and which was most likely to be consumed by the fire, than was made to save property of less value, or because of mere error of judgment, they did not pursue the wisest course. We, therefore, do not find any evidence upon which a charge of contributory negligence could properly be based.

We pass now to the rulings made admitting this testimony. In the first place, we find that the witnesses did not qualify so as to entitle them to speak on the subject. In the next place, the subject-matter of inquiry was not of such character as to call for expert or opinion evidence, nor did it involve matters of fact which could not be detailed and described to the jury, nor was it impracticable to put the jury in possession of all the primary facts upon which the opinion of the witnesses was founded. Again, the questions embraced and called for the opinion of the witnesses as to the degree of diligence and care, which, under the circumstances, could or should have been exercised by plaintiff's men, the judgment of which matters was within the province of the jury and not the witnesses. We think plaintiff's objections to these questions ought to have been sustained. We see no ground upon which the rulings can be upheld.

Complaint is also made of the following charge on the question of an intervening cause: "Even the natural and probable consequences of a wrongful act or omission are not in all cases to be charged to the misfeasance or nonfeasance complained of. They are not thus to be charged where there is a sufficient and independent cause operating between the wrongful act complained of and the injury. If, after the commission or omission of the original act complained of,

there intervenes an independent act of other persons, which, in itself, caused the injury complained of, then, in contemplation of law, the original act is interrupted and in law considered too remote, and the intervening act is considered the proximate cause." No complaint is made of the statement of the law in the abstract; but complaint is made that there is no evidence upon which such a charge could properly be predicated. There does not seem to be any evidence of an independent cause intervening between the alleged negligent acts of the defendant and the injury. The injury appears to be the result of the natural and proximate cause of the defendants negligent act. Nothing is made to appear that the causal connection and continuous sequence of its acts were unbroken or interrupted by any new and efficient cause without which the injury would not have occurred. The only matter to which our attention has been directed as evidence of such a cause is based upon the answers made by the witnesses to the hypothetical questions just considered. But, as we have seen, such evidence does not tend to show an independent and intervening cause. The questions do not assume that plaintiff's men could have prevented the fire from reaching his property, or that they could have saved it after they had discovered the fire advancing towards it. The questions propounded called for, and the answers made thereto expressed, the opinion that some of the posts could have been saved had more attention been given to them and less to the haystacks. Whatever probative effect ought to be given such evidence, it cannot have the effect of proving an independent and intervening cause. There being no evidence upon which such an instruction could be based, it ought not to have been given. What we have said on this question in the case of *Belnap v. Widdison,* (Utah), 90 Pac. 393, to a great extent, applies here.

For the foregoing reasons, the judgment of the court below is reversed, and the cause remanded for a new trial. Costs to appellant.

McCARTY, C. J., and FRICK, J., concur.