## A. S. MELLON v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 12, 1912.

Nos. 17,394—(184).

**Contributory negligence as a defense — motion for directed verdict.**

The defense of contributory negligence, though not pleaded, is available to defendant on motion for directed verdict, where the testimony received without objection conclusively establishes such negligence.

[1] Reported in 134 N. W. 113.

116 M.—29.

**Question for jury.**

In this, a personal injury action, the evidence of the defendant's negligence after discovering the peril of plaintiff's intestate *held* a question for the jury.

Action by the administrator of the estate of Edwin A. Brock, deceased, in the district court for Wright county to recover $5,000 for the death of his intestate. The substance of the allegations of the complaint will be found in the opinion. The answer specifically denied that plaintiff had sustained damages in any sum whatever by reason of defendant's negligence. The case was tried before Giddings, J., who, when plaintiff rested and again at the conclusion of the testimony, denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $500. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*Cobb & Wheelwright* and *John I. Dille,* for appellant.
*F. E. Latham* and *C. A. Pidgeon,* for respondent.

HOLT, J.

The plaintiff's intestate, Edwin A. Brock, while walking on the railway track of the defendant at a point some fifty or sixty rods easterly from its depot at the village of Smith Lake, Wright county, in this state, at 1:55 p. m., on Sunday, March 6, 1910, was struck by a mail train of the defendant coming from the east. Brock died from the injuries so received, and this action is brought by plaintiff, as administrator of Brock's estate, to recover damages for the next of kin. The trial resulted in a verdict in plaintiff's favor. Thereafter the defendant moved for judgment in its favor notwithstanding the verdict, having moved at the trial, when plaintiff rested, and again at the close of the evidence, for an instructed verdict. The motion being denied, judgment was entered upon the verdict, and from such judgment the defendant appeals.

The propositions on which the defendant relies for a reversal are two: The contributory negligence of the plaintiff's intestate; and that no negligence was proven against defendant.

The complaint in brief alleged that for more than twenty years

the defendant's right of way between the rails along its track east of Smith Lake had been used by the public, with the knowledge of the defendant, as a footpath between the depot and a public road crossing the tracks about sixty rods to the east of the depot; that the track was straight and level, so that the deceased, walking thereon, was plainly visible to the engineer operating the train that struck him. It further alleged that while the deceased was so walking westerly on the said footpath on March 6, 1910, the defendant carelessly and negligently ran and operated at a very great and dangerous rate of speed from the east its fast mail train, which was running behind time, over said crossing and footpath, without giving any signal or warning whatever, and, although the operatives of the locomotive knew that Brock was on the track and unaware of the approach of the train, failed and neglected to check the speed of the locomotive or give any signal or warning, but, on the contrary, carelessly, wantonly, negligently, and recklessly ran and operated the train at a very great and dangerous rate of speed against Brock. There was also an averment that on the day in question an unusually high and violent wind was blowing from the northwest.

Smith Lake is a village of about one hundred inhabitants, surrounded by a thickly settled agricultural district. The track of the defendant as it approaches the depot and village from the east, or rather southeast, is straight and level for more than two miles. Between the public road crossing referred to above and the depot the track is somewhat above the level of the adjoining ground. For upwards of twenty years persons from the village and the thickly populated agricultural community surrounding the village, who had occasion to travel on foot to or from the public road south of the crossing mentioned, passed upon and over the railway track of the defendant, instead of following the public road, which, after it passed the tracks at the crossing, continued some one hundred rods further north before it turned westerly toward the village. No cattle guard was ever placed at this crossing, nor was the right of way

of the defendant between the depot and the crossing on the southerly side thereof ever fenced.

The train in question was several hours behind time, and running at a rate of from thirty to thirty-five miles per hour. The defendant's engineer in charge testified that the whistle was blown for the station, for the road crossing, and also the moment he discovered Brock on the track, when three hundred feet away from him, and that every effort to stop the train was made, and it was stopped so that the rear coach was opposite to where Brock was thrown. He also testified that when he whistled for the road crossing he did not see Brock who was then on the track from one hundred to five hundred feet west of the crossing, although he claims that he looked to see if any one was about to go upon the crossing.

That the deceased was guilty of contributory negligence as a matter of law is confidently urged by the defendant. Plaintiff, however, contends that the defendant cannot avail itself of this defense, because not pleaded. The courts holding that contributory negligence is a defense, which must be pleaded as such to defeat a recovery, nevertheless hold that, if it appears from plaintiff's evidence that there was contributory negligence, the defendant may avail himself of that as a defense. McMurty v. Louisville, 67 Miss. 601, 7 South. 401; Holland v. Oregon, 26 Utah, 209, 72 Pac. 940.

In Blakeley v. Le Duc, 19 Minn. 152 (187), the court said: "If, upon evidence admitted without objection, such negligence appeared, the court, inasmuch as contributory negligence would have been a proper issue in such a case as this, would be justified in directing the jury to take such evidence into consideration." And in Hill v. Minneapolis Street Ry. Co. 112 Minn. 503, 128 N. W. 831, it is said: "Of course, the plaintiff fails to make out a cause of action against the defendant if, in attempting to prove the negligence of defendant, he proves his own negligence."

The deceased knew he was traveling on a railway track where trains frequently passed. He was walking directly against an unusually strong and violent wind; hence must have appreciated that the ordinary noise of a railway train coming from behind might not give him timely warning, and the testimony is all one way that he

took no precaution to discover if any train was approaching .from the rear. On the record the conclusion is inevitable that for Brock to travel on the track in the manner he did and under the conditions then existing was negligence. This makes .it unnecessary to determine whether he was a licensee or trespasser.

It remains to consider whether there was any evidence to go to the jury upon the proposition of whether or not there was negligence after the defendant's engineer discovered Brock's peril. When plaintiff rested the jury would have basis for the conclusion that Mr. McLaughlin saw the deceased when not less than one thousand feet away. He was approaching the public road crossing and the village, and would be expected to keep a lookout. Brock was then in plain view on the track, and the inference would naturally be that the engineer saw him, unless his attention was diverted by other duties. If he saw Brock at that time, it was for the jury to determine whether his subsequent conduct as to danger signals or stoppage of the train was negligent. Then as a defense McLaughlin testified that when the whistle for the road crossing was given he looked to see if any one was approaching the crossing from either side; but he failed to observe Brock, who was not more than 500 feet west of said crossing, and may not have been more than one hundred feet west of it. He then claims that his attention. was distracted by some other duty, but that he discovered the deceased when the latter was three hundred feet from the locomotive.

There is testimony sufficient in character and positiveness to prevent this court from saying that there is no basis for the jury to say that no whistle was used to give warning when Brock's danger was thus discovered. This is also true as to the signals for the depot and road crossing. True, the automatic bell on the engine was ringing, but evidently McLaughlin saw that this conveyed no warning to Brock. The fact that the latter did not even turn his head before being struck lends color to the testimony that the piercing noise of the danger whistle of a locomotive was not used. More than six seconds elapsed between the time the peril of the deceased was discovered and the collision. While the train traveled three hundred feet, an ordinary walk would take a person thirty feet. The jury

might rightfully conclude on the evidence that McLaughlin negligently failed to give effective warning to Brock when his dangerous position became known, and that if he had not failed in this respect the deceased would have had time to escape.

Judgment affirmed.