GARMANY & SON *vs.* THE SAVANNAH GUANO CO.

The declaration as amended sets forth a cause of action, and it was error to sustain a demurrer thereto.

April 11, 1888.

Action. Contracts. Pleadings. Before Judge ADAMS. Chatham superior court. July term, 1887.

The plaintiffs sued the guano company for $6,621.89 besides interest from January 21st, 1882, on the following contract:

"SAVANNAH, GA., August 9th, 1881.

"MESSRS G. W. GARMANY & SON—Dear Sirs: In consideration of your entering So. Ca. in behalf of this company and using your every effort to quiet dissatisfaction among farmers or others who have handled guano shipped by us the last season, as well as assist in making collections resulting from said sales, then in consideration of such services, the Savannah Guano Company after reserving an amount sufficient to reimburse them for the cost and expense attending the placing and collecting from such sales of all their guano, including one-half of the profits arising from the sales of their manipulated guano, then all balances over and above the amount specified shall be passed over to you to reimburse you for your services. The above proposition refers to guano handled by J. H. Hunt & Co. of Spartanburg, and Anderson & Boozer of Columbia, S. C., and in the counties which they operated.

"SAVANNAH GUANO COMPANY, C. H. WILLCOX, President."

The plaintiffs allege that on August 9th, 1881, they and defendant entered into this contract, and in pursuance of it plaintiffs did enter the State of South Carolina and used every effort to quiet dissatisfaction among all persons who had handled guano shipped by defendant during the season mentioned, and assisted by every means in their power in making collections from the sales of said guano, and at great expense of time, labor and money assisted in actually collecting from said sales $6,712.08, of which plain-

tiffs were entitled to $1,968.48 under the contract, all of which was turned over to defendant. The whole amount resulting from said sales of guano handled by J. H. Hunt & Co. and Anderson & Boozer could and would have been collected, but defendant violated the contract by refusing when requested to assist plaintiffs in making collections resulting from sales, such assistance being necessary for the accomplishment of the work. In December, 1881, after all services had been rendered by plaintiffs which it was possible to perform without defendant's assistance, without plaintiffs' consent and any valid reason, and with, out paying them any compensation for their services so rendered, defendant refused to assist them or to allow them to assist it in the further direction of the work required under the contract.

The aggregate amount of the guano sold by Hunt & Co. and Anderson & Boozer was 508.3 tons, of which 313.2 tons were manipulated guano and 295.1 were unmanipulated. The aggregate profits upon the sales of the former were $4,635.36, of which plaintiffs were entitled to half; the aggregate profits from the latter were $4,314.21, to all of which plaintiffs were entitled, thus making the sum sued for, which defendant refused to pay.

By amendment, the plaintiffs alleged that the failure of the defendant to "assist" plaintiffs consisted in the fact that, in pursuance of the contract, plaintiffs proceeded to South Carolina and procured all the evidence and information necessary for the collection of the outstanding accounts against those who had purchased the guano of defendant. These persons were solvent, and judgment would have been obtained against them and the money collected, but that the defendant when requested refused to pay an attorney a retaining fee of $50 to bring suits, and to allow the use of its name for such purposes, or to give any aid whatever to plaintiffs. This assistance was contemplated and understood by the contract, and was indispensable for the work. Thus plaintiffs sustained a loss of,

and defendants became indebted to them for, $4,653.41, after allowing for the expenses of the sales of the guano. Through the efforts of the plaintiffs in pursuance of the contract, $6,712.08, not included in the above first count of this amendment, was collected and paid over to defendant, $1,968.48 of which, under the terms of the contract, belonged to plaintiffs, but defendant refused to pay it; wherefore plaintiffs say defendant is indebted to them $6,621.89, after allowing for its reimbursement for cost and expense attending the placing and collections from sales of all their guano, etc.

The defendant demurred because the plaintiffs failed to set forth any cause of action; because it appears from their amended declaration that they have none; because they fail to set forth plainly and distinctly their cause of action, if any; and because no bill of particulars or itemized statement of money claimed to be due is attached to the declaration as amended.

The demurrer was sustained and the case dismissed, and the plaintiffs excepted.

JACKSON & WHATLEY and A. C. WRIGHT, for plaintiffs, cited Code, §3391; 60 *Ga.* 455; 22 *Ga.* 586 , 52 *Ga.* 543; 2 Kelly, 262 and cit.; 1 Saund. 117; 2 *Id.* 62.

DENMARK & ADAMS, for defendant, cited 2 *Ga.* 257; 13 *Ga.* 210; 14 *Ga.* 131; 17 *Ga.* 340; 36 *Ga.* 429; 45 *Ga.* 166; 51 *Ga.* 550; 39 *Ga.* 544; 73 *Ga.* 657; 35 *Ga.* 557; 46 *Ga.* 462; 65 *Ga.* 386; 41 *Ga.* 454; 77 *Ga.* 307; Code, §3332.

BLECKLEY, Chief Justice.

This was an action by the plaintiffs in error against the defendant in error upon a written contract, which is set out in the declaration. The declaration does not *eo nomine* proceed for damages, but alleges that the defendant is indebted to the plaintiffs in a certain sum. We consider

this as in substance, under our loose pleadings, equivalent to a claim for damages. After setting forth the contract, the declaration proceeds to allege breaches of it, and points out in what respect the defendant committed breaches. It alleges performance in part, and offer or readiness to perform, as to the residue, by the plaintiffs; and it shows a state of facts which, if established in evidence, would entitle the plaintiffs to recover something. There was a demurrer to the declaration as not setting forth a cause of action, and the court gave leave to amend. The amendment was made, and a demurrer was interposed again to the declaration as amended, and the court sustained the demurrer, and dismissed the action.

We refer to the report for the declaration, or the substance of it. We hold that there is a cause of action set forth, and that the demurrer should not have been susained.

Judgment reversed.