St. Louis & San Francisco Railway Company v. Johanna C. Wilhelm.

### Decided March 25, 1908.

**1.—Pleading—Amendment—Identity of Defendants.**

In an original petition the two railroad defendants were fully and correctly named; in an amended petition it was alleged that "the defendants are railroad corporations . . . , and have been duly and legally cited, and have answered herein;" the defendants, in an answer to said amended petition, designated themselves as "defendants, the Ft. W. & R. G. Ry. Co. and the St. L. & S. F. Ry. Co.;" after the evidence was closed, and the first argument for the plaintiff had been made, the court permitted the plaintiff to file a second amended petition wherein the names of the defendants were stated in full. Held, that the filing of the first amended petition did not operate as a dismissal of plaintiff's suit against the defendants named in the original petition, and the statute of limitation did not run against plaintiff's cause of action by reason thereof.

**2.—Carrier of Live Stock—Delay—Measure of Damage.**

Where a shipment of sheep could not be sold until three days after their arrival at market, and their failure to arrive in time for an earlier market was caused by the negligence of the carrier, in estimating the damage sustained by the owner the condition of the sheep at the time they were sold, and not at the time of their arrival at their destination, should be considered.

Appeal from the District Court of McCulloch County. Tried below before Hon. Jno. W. Goodwin.

*F. M. Newman,* for appellant.—The court erred in permitting plaintiff, after the evidence was all introduced and counsel for plaintiff had closed opening argument, to withdraw her announcement and to amend her petition and file her second amended original petition and make this defendant party to said petition after it had been dismissed from this suit on December 4, 1905, when plaintiff filed her first amended original petition herein, it appearing that plaintiff's cause of action was barred by the statute of limitation, and the action of the court in permitting said amendment to be filed being an abuse of the discretion of the court. Fields v. Rye, 59 S. W., 306.

The proper measure of damages in this case is the difference in the market value of the sheep at the time and in the condition they should have been delivered and the time and condition they were delivered, and damage accruing after delivery should not be allowed. Texas & P. Ry. Co. v. Truesdale, 51 S. W., 272; Missouri, K. & T. Ry. Co. v. Webb, 49 S. W., 526; Missouri P. Ry. Co. v. Breeding, 16 S. W., 184; Gulf, C. & S. F. Ry. Co. v. Hughes, 31 S. W., 411.

*Shropshire & Hughes,* for appellee.—As the amendment of December 4, 1905, standing alone was ambiguous as to parties defendant, but refers to the citations, service thereof, and balance of the record to identify the defendants, the entire record should be resorted to, to identify the parties defendant. By resort to the entire record, we find that the original petition named appellant as defendant, and

it was properly served with citation thereunder; and the return would show appellant's proper service, and it had (at the date of this amendment) answered in the cause. Therefore, at the time the second amendment was made, appellant was properly identified by the record of the cause as a defendant therein, and was not injured by the filing of the second amended petition, specifically naming it as defendant. Halsell v. McMurphy, 21 S. W., 777; Groom v. Winston, 43 S. W., 1072; Jansen v. Hyde, 8 Col. App., 40; Dunlap v. Southerlin, 63 Texas, 38.

Though the general rule is the difference between the value at the time of arrival and the time the stock should have arrived, still this rule, like all others, being based upon reason, has its exceptions based upon sufficient reasons, and this case falls under one exception to said rule, that is, if at the time of the delayed arrival, there was then no adequate market or demand for the stock, reason and justice to appellant required that they be held until the market was properly opened before they were sold. Louisville & N. R. Co. v. Robinson, 36 S. W., 6.

KEY, Associate Justice.—Appellee brought this suit against the St. Louis & San Francisco Railway Company and the Ft. Worth & Rio Grande Railway Company for $950 damages on account of rough handling and delay in transporting about 700 head of sheep from Brady, Texas, to East St. Louis.

There was a jury trial resulting in a verdict and judgment for appellee against appellant for $588.85. There was no recovery against the other road. The case has been brought to this court by the losing defendant, and submitted upon numerous assignments of error, the most of which relate to rulings of the court upon the admissibility of testimony. While all the questions presented have been considered in consultation, it is not deemed necessary to treat all of them in detail in this opinion.

In the original petition the name of each defendant was stated. The defendants answered jointly. Thereafter the plaintiff filed an amended petition in lieu of her former pleading. In the latter petition the names of the defendants are not stated, but it is therein alleged that "the defendants are railroad corporations . . . and have been duly and legally cited, and have answered herein." Thereafter a joint answer was filed by the defendants, in which they designated themselves as "defendants the Ft. W. & R. G. Ry. Co. and the St. L. & S. F. Ry. Co." After the evidence had been closed, and the opening argument for the plaintiff made, the court permitted the plaintiff, over the objection of the defendant, to withdraw her announcement of ready for trial and file a second amended original petition, in which the names of the defendants were stated. The action of the court in that regard is assigned as error, and the further contention is made under several assignments that the filing of the first amended original petition operated as a dismissal of the plaintiff's suit as against the defendants named in the original petition, and that the cause of action set up in the second amended original petition was barred by limitation, more than two years

having intervened between the alleged injury and the filing of the second amended original petition.

It is not believed that any of the assignments relating to the matter under consideration point out reversible error, for the reason and because the defendants were never dismissed from the case as presented in the original petition. The first amended petition gave the same style and number of the suit, and stated that it was filed in lieu of the former petition, and that the defendants had been duly cited and had filed an answer. We are inclined to hold that the latter pleading sufficiently identified the defendants named in the original petition, but if it did not, the defendants' answer to that petition supplied the omission.

The various assignments relating to rulings made upon the admissibility of testimony are overruled. The questions are not of such importance as to require discussion in this opinion. However, to prevent a misapprehension, it is deemed proper to say that while some of the testimony was perhaps similar to that considered and held objectionable by the Supreme Court in the case of Houston & T. C. R. R. Co. v. Roberts, recently decided (101 Texas, 418), the objection urged and held tenable in that case was not made in this case.

We are of opinion that the plaintiff had the right to allege and prove that on account of unreasonable delay in transportation the sheep did not reach their destination at a time when there was a market for them, and that it became necessary to hold them there for three days, in order to sell them, and that their condition, weight, etc., at that time, and the price for which they sold, were factors proper to be considered in arriving at a correct measure of damages.

We also hold that there is testimony in the record which supports the verdict, and we overrule the assignments complaining of the same.

No reversible error has been shown, and the judgment is affirmed.

*Affirmed.*