PEARCE, RESPONDENT, *v.* BUTTE ELECTRIC RAILWAY CO., APPELLANT.

(No. 2,835.)

(Submitted May 20, 1910.   Decided May 24, 1910.)

[109 Pac. 275.]

*Actions Against Corporations—Incorporation—Sufficiency of Complaint—Formal Prayer for Judgment—When Unnecessary.*

Corporations—Actions Against—Incorporation—Sufficiency of Complaint.
  1.   The complaint in an action against a corporation alleging that the defendant was a corporation was sufficient to show that it had the legal capacity to be sued; the failure to allege the place of its incorporation did not render the pleading insufficient.

Default Judgment—Absence of Formal Prayer for Judgment—Scope of Relief.
  2.   Where the complaint in a personal injury action, to which defendant failed to answer, contained language showing the limits of plaintiff's claim, to-wit: That he had been damaged in a certain sum—the absence of a formal prayer for judgment did not deprive the court of power to enter judgment. The defendant could not have been misled by the language employed; it served the same practical purpose as a formal prayer, and was sufficient.

*Appeal from District Court, Silver Bow County; Jeremiah J. Lynch, Judge.*

ACTION by James Pearce against the Butte Electric Railway Company, a corporation. Judgment for plaintiff, and defendant appeals. Affirmed.

In behalf of Appellant, there was a brief by *Mr. W. M. Bickford, George F. Shelton,* and *Mr. Charles A. Ruggles,* and oral argument by *Mr. Ruggles.*

A complaint against a defendant named as a corporation which does not sufficiently and clearly allege the corporate capacity of such defendant is open to attack on general demurrer as not stating a cause of action. A failure to make such allegation is fatal to the complaint. (*Oroville etc. Ry. Co. v. Plumas Co.,* 37 Cal. 360; *Loup* v. *Cal. So. R. Co.,* 63 Cal. 99; *People* v. *Central Pacific R. Co.,* 83 Cal. 393, 23 Pac. 303; *State v. Chicago etc. R. Co.,* 4 S. D. 261, 46 Am. St. Rep. 784, 56 N. W. 894; *Miller* v. *Pine Min. Co.,* 2 Idaho, 1206, 35 Am. St. Rep. 289, 31 Pac. 803.) It is not necessary, under the decisions, to go into the methods and process of incorporation, but it is held practically essential in all instances to allege the fact that the defendant is a corporation organized and existing under the laws of a particular jurisdiction, naming it. (*Lake Erie etc. R. Co.* v. *Griffin,* 8 Ind. App. 48, 52 Am. St. Rep. 465, 35 N. E. 396; *Bank of Sun City* v. *Neff,* 50 Kan. 506, 31 Pac. 1054; *Dodge* v. *Minnesota Plastic Slate Roofing Co.,* 14 Minn. 49; *Territory* v. *Virginia Road Co.,* 2 Mont. 96; *Stoddard* v. *Onondaga Annual Conference,* 12 Barb. (N. Y.) 573; *Houston Waterworks v. Kennedy,* 70 Tex. 233, 8 S. W. 36; *Saunders* v. *Sioux City Nursery,* 6 Utah, 431, 24 Pac. 532.)

In a default case, where there is no answer on file, there cannot be any relief granted by a judgment or decree, unless it is specifically asked for in the complaint. (*Staacke* v. *Bell,* 125 Cal. 309, 57 Pac. 1012; *McFarland* v. *Martin,* 144 Cal. 771, 78 Pac. 239; *H. B. Claflin Co.* v. *Simon,* 18 Utah, 153, 55 Pac. 376.) There can be no relief granted where none is prayed for in the complaint. (*Kelly* v. *Downing,* 42 N. Y. 71; *Hasbrouck* v. *New Paltz H. & P. Tr. Co.,* 98 App. Div. 563, 90 N. Y. Supp. 977; *Russell* v. *Shurtleff,* 28 Colo. 414, 89 Am. St. Rep. 216,

65 Pac. 27; *Graves* v. *Wallace's Admr.*, 4 Ky. Law Rep. 452.) When a judgment is rendered upon the default of a defendant, the recovery must follow the prayer of the complaint. (*Lowe* v. *Turner,* 1 Idaho, 107.)

In behalf of Respondent, there was a brief by *Messrs. Mackel & Meyer,* and oral argument by *Mr. A. Mackel.*

That the complaint fails to allege under what law defendant corporation was organized is not a fatal defect. (*Jones* v. *Pacific Dredging Co.,* 9 Idaho, 186, 72 Pac. 956; *Stoddard* v. *Onondaga Annual Conf. M. P. C.,* 12 Barb. 573; *German Ins. Co.* v. *Frederick,* 57 Neb. 538, 77 N. W. 1106; *Butterfield* v. *Graves,* 138 Cal. 155, 71 Pac. 510.)

While the prayer to the complaint may be informal and not according to the usual form, it satisfies the Code provision that there shall be a prayer (Revised Codes, sec. 6532), and also is sufficient to satisfy that provision of the Code that the relief shall not exceed the demand of the complaint. Mere informality of the prayer is not such a defect as to affect the validity of a complaint. (16 Ency. of Pl. & Pr. 785.) A complaint in tort which concluded as follows: "To the damage of the plaintiff," was held sufficient prayer for relief. (*Louisville N. A. & C. Ry. Co.* v. *Smith,* 58 Ind. 575.) "The prayer for relief forms no part of the statement of the cause of action; and it is unimportant unless there is ambiguity in such statement. A bad prayer for relief or a prayer for improper relief will not vitiate a pleading which is otherwise sufficient. The facts alleged, and not the relief demanded, are of chief importance, and they determine the relief to be granted." (31 Cyc. 110, and cases cited; Pomeroy's Code Remedies, 4th ed., sec. 471; *Minneapolis R. L. & M. Co.* v. *Brown,* 99 Minn. 384, 109 N. W. 817; *Smith* v. *Smith,* 67 Kan. 841, 73 Pac. 56; *McGillivray* v. *McGillivray,* 9 S. D. 187, 68 N. W. 316.)

MR. JUSTICE SMITH delivered the opinion of the court.

This is the second appeal in this case. (See 40 Mont. 321, 106 Pac. 563.) The present appeal is from the judgment here-

tofore entered against the defendant. It is now contended that the complaint does not state facts sufficient to constitute a cause of action, for the reason that, while there is an allegation therein to the effect that the defendant is a corporation, there is no averment showing where or under what law its corporate capacity was established. The second contention is that the court erred in rendering judgment, for the reason that there is no prayer in the complaint for any relief or for any judgment.

1. Both propositions are extremely technical. In so far as the first is concerned, we think it is without merit. The complaint does aver that the defendant is a corporation. This allegation is sufficient to show that it had the legal capacity to be sued. We think this is all that is required. It would seem to be unnecessary for the plaintiff to inform the defendant of the place of its incorporation. It must of necessity be better informed on that point than is he.

2. The last paragraph of the complaint reads as follows: ''That, by reason of the premises, plaintiff has been injured and damaged in the sum of two thousand ($2,000) dollars, and his costs herein necessarily expended.'' Our attention is called by appellant's counsel to section 6713, Revised Codes, which reads as follows: ''The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue.'' It is argued that where there is no answer on file, as in this case, there must of necessity be a prayer for judgment, otherwise there can be no judgment entered. Numerous cases are called to our attention by the learned counsel, which are supposed to sustain their contention; · but we think the better rule to be adopted in this state is that, if there be in the complaint language showing the limits of plaintiff's claim, so that the defendant may not be misled, such an allegation serves the same practical purpose as a formal prayer for judgment and is sufficient. (See *Tuolumne County Water Co.* v. *Water Co.,* 10 Cal. 194; *Paige* v. *Barrett,* 151

Mass. 67, 23 N. E. 725; *Butts* v. *Phelps,* 90 Mo. 670, 3 S. W. 218; *Garmany & Son* v. *Savannah G. Co.,* 80 Ga. 578, 7 S. E. 104.) In the case at bar the defendant was informed of the amount of damages which plaintiff claimed to have sustained, to-wit, $2,000. After the default of the defendant was entered, the court proceeded to hear evidence on behalf of the plaintiff and ordered judgment in the sum of $1,000. We think that the only reasonable interpretation which may be placed upon the allegation quoted is that the purpose of the action was to recover damages in a sum not exceeding $2,000. It cannot be thought that the action was commenced for any other purpose or without purpose.

The judgment appealed from is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

