STORER, RESPONDENT, v. GRAHAM, SHERIFF, APPELLANT.

(No. 2,988.)

(Submitted May 13, 1911.   Decided May 27, 1911.)]

[116 Pac. 1011.]

*Default Judgment—Setting Aside—Discretion—Corporations— Capacity to Sue—Pleadings.*

Pleading—Cure by Pleading of Adverse Party.
1.   Under Revised Codes, section 6571, making it sufficient in a suit on a judgment to plead that it was "duly given or made," an allegation that a judgment was "made, filed, and entered," was cured by averments of a proposed answer that the judgment was duly given and made.

Pleading—Complaint—Insufficient Allegations Cured by Answer.
2.   An insufficient allegation in a complaint that a certain company was "a corporation" was cured by an averment in the proposed answer that the company was "a corporation of Montana."

Default Judgment—Vacation—Discretion.
3.   In determining whether in exercising a sound legal discretion a default judgment should be set aside, the allegations of the complaint and a proposed answer were properly considered.

Corporations—Pleading—Capacity to Sue.
4.   An allegation that a defendant was a corporation was sufficient to show its capacity to be sued.

Default Judgment—Refusal to Vacate—Discretion.
5.   It was not an abuse of discretion to refuse to set aside a default judgment obtained through inexcusable neglect of defendant, no question of inadvertence or surprise being presented.

*Appeal from District Court, Missoula County; J. Miller Smith, a Judge of the First Judicial District, presiding.*

ACTION by Frank Storer against Davis, Graham, Sheriff of Missoula County.   From an order refusing to set aside a default judgment, and defendant appeals.   Affirmed.

*Mr. Harry H. Parsons* submitted a brief in behalf of Appellant, and argued the cause orally.

In behalf of Respondent, there was a brief by *Messrs. Hall & Patterson* and oral argument by *Mr. Patterson.*

MR. JUSTICE SMITH delivered the opinion of the court.

The complaint in this action alleges, in part, as follows: "That on and prior to the 12th day of June, 1909, and at all times since said time, the Butte Lumber Company, a corporation, was and has been the owner of the following described goods, chattels, and personal property, and at all times herein mentioned has been, has continued to be, and now is, entitled to the possession of said goods, chattels, and personal property, except as hereinafter set forth, said property being as follows, to-wit [describing it]. That on the 12th day of June, 1909, the above-named plaintiff, Frank Storer, commenced an action against the Butte Lumber Company, a corporation, in the district court in and for Missoula county, in which plaintiff demanded judgment against the said Butte Lumber Company, in the sum of $1,328.17; that thereafter the said Butte Lumber Company was duly served with summons and copy of said complaint, and more than twenty days having passed and the defendant not having appeared, the default of said defendant was entered, and thereafter on the 9th day of September, 1909, a judgment was made, filed and entered in the above-entitled cause, in favor of Frank Storer against the Butte Lumber Company, a corporation, in the sum of $1,328.17, together with costs in the sum of $15.90." It is then set forth that plaintiff filed an affidavit and undertaking on attachment, that a writ of attachment was issued and levied upon the property described in the complaint; that after the entry of judgment a writ of execution was issued and placed in the hands of the defendant, with instructions to make the amount of the judgment out of the attached property, but the defendant "failed, neglected and refused to sell said property under said execution, but unlawfully and without the consent of plaintiff and against plaintiff's protest, converted said property to his own use and wrongfully transferred the same to other parties and failed to execute and satisfy said judgment or any part thereof out of said property," to plaintiff's damage, etc. Summons and complaint were personally served on March 18, 1910. On April 14, 1910, defendant not having appeared in the cause, his default

was noted, and on April 27, 1910, judgment was entered against him as prayed for in the complaint. On May 16, 1910, defendant through his attorney, Mr. Parsons, filed and served a notice of motion to vacate and set aside the default and judgment, and on May 18 the motion was served and filed. It reads as follows:

"Comes now the defendant above named and respectfully submits to the court herein his affidavit on merit and his answer in the above-entitled action, and respectfully moves the court to vacate the judgment and default entered in the above-entitled action on the fourteenth and twenty-seventh days of April, 1910, upon the grounds and for the reasons following, to-wit:

"I. That the complaint in the above-entitled cause does not state a cause of action against the defendant upon which any valid default could be entered or judgment taken.

"II. That said complaint is defective particularly in the following regards, to wit: (1) That there is no allegation of any judgment duly made or given by this court in favor of the above-named plaintiff and against the Butte Lumber Company. (2) That there is no allegation in said complaint showing whether or not said Butte Lumber Company is a corporation, domestic or foreign, so that any judgment could be pleaded in bar by it. (3) That there is no allegation of any service upon the said Butte Lumber Company, as a corporation, whether by publication or personal service, or upon any officer, agent, or other authorized representative of the said corporation, whether foreign or domestic, and there is no allegation in said complaint that the time for appearance of the said Butte Lumber Company in the said cause, as alleged in paragraph III of the complaint, had expired, or that the said default was duly entered or made, as required by law. (4) There is no allegation in said complaint that any written instructions were ever given to the sheriff by the said defendant company. (5) That the defendant herein has a good, valid and subsisting defense to said action, as is shown by his affidavits hereto annexed, filed herewith, and made a part hereof. (6) That the said complaint did not contain a correct copy of the writ of attachment issued in the case of *Frank Storer* v. *Butte Lumber Company,* and that the return

of the sheriff thereto, wherein it is shown that a third party claim was made, and request made of said plaintiff to write a bond to protect the sheriff in case of sale, is duly and regularly made, entered, and given. (7) That the defendant herein was chargeable with excusable neglect, inadvertence and surprise as shown by the affidavits and merits attached hereto and made a part hereof."

The following affidavits were filed in support of the motion, *viz.:*

"Davis Graham, being duly sworn upon his oath, deposes and says: That he is the defendant in the above-entitled cause, and that service of a copy of the complaint herein, together with a copy of the summons, was made upon him, in the county of Missoula, state of Montana, on the 18th day of March, 1910; that immediately upon the receipt of the said copies of said complaint and summons, affiant delivered the same to Fred L. Miller, under-sheriff of said county, and of this affiant, with request that said Miller deliver the same to Harry S. Parsons, a regularly licensed and practicing attorney in said county and state, with instructions to the said attorney to look after the same and to make appearance for affiant and defend the said action by and on behalf of this defendant, and that he had every reason to believe, and did believe, that the said Fred L. Miller, as and when so requested, had in fact delivered the said summons and complaint to the said attorney with the instructions hereinbefore mentioned to him to be carried out; that affiant did not know, suspect, or have any reason to believe that the said attorney had not made any appearance in said action, and that said action was not being defended by him, until the 12th day of May, 1910, on which date he was informed that default had been entered in the above-entitled action and judgment taken against him; that he thereafter sought and had an interview with the said Harry H. Parsons, who then informed him that he had never heard of said case; and that he had acted with diligence and promptitude in moving to set aside the said default and making this affidavit; that affiant herewith files his answer in the above-entitled cause, and is informed and believes that he has a

just, valid and subsisting defense to the allegations in plaintiff's complaint and each and every part thereof, all of which will more particularly appear by reference to the answer of defendant attached hereto, and made a part hereof. Further affiant saith not. [Signed]    Davis Graham.''

''V. S. Kutchin, being first duly sworn upon his oath, deposes and says: That he is a regularly and duly licensed and practicing attorney at law in and for the state of Montana, residing and located at Missoula, Missoula county, therein; that he has offices with Harry H. Parsons, an attorney at law mentioned in the affidavit of Davis Graham, attached hereto; that he has read the affidavit of under-sheriff Fred L. Miller, wherein it is stated that the said Miller delivered a copy of the complaint and summons in the above-entitled action to this affiant, with instructions to give the same to said Harry H. Parsons; that this affiant has no recollection whatever of any such transaction, and has no recollection of the said F. L. Miller delivering copy of said complaint and summons to him at any time or at any place; and that if the said F. L. Miller did so deliver said complaint and summons to said affiant, that affiant must have placed them upon the desk of the said Harry H. Parsons, which is his custom and practice in all such cases. Further affiant saith not. [Signed] V. S. Kutchin.''

''Fred L. Miller, being first duly sworn upon his oath, deposes and says: That he is the duly appointed, qualified and acting under-sheriff of Missoula county, Montana; that on the —— day of April, 1910, the above-named defendant, Davis Graham, handed and gave to this aff<sub>.</sub>.nt, a copy of summons and complaint, with instructions t . ৮ ·ₛ affiant to give and deliver the same to one Harry H. Parsons, an attorney of Missoula county, Montana, and to instruct the said Parsons to make appearance in said cause and to defend the same; that immediately thereafter this affiant went to the office of the said Parsons and found him absent; that in the same office is one V. S. Kutchin, an attorney at law, occupying the same offices with said Harry H. Parsons and associated with him in many cases; that affiant herein delivered on said last-mentioned day the said copy of

summons and complaint to the said Kutchin, to deliver the same to the said Harry H. Parsons, and to direct him to make appearance in the said case and defend the same; that this affiant believed and supposed that said Kutchin had so delivered to the said Parsons the summons and complaint, until the 12th day of May, 1910, at which time this affiant was informed by the defendant above named that default or judgment had been taken against him, the said defendant. Further affiant saith not. [Signed] Fred L. Miller."

"Harry H. Parsons, being first duly sworn upon his oath, deposes and says: That he is an attorney at law, duly and regularly licensed to practice in the state of Montana, located in the city and county of Missoula, state of Montana; that the said V. S. Kutchin, maker of the affidavit annexed hereto, never delivered to him the summons and complaint in the above-entitled action; that he never heard of such case or action until the 12th day of May, 1910, at which time the above-named defendant informed and apprised this affiant that judgment and default had been taken against him. Further affiant saith not. [Signed] Harry H. Parsons."

The proposed answer, after admitting substantially all of the allegations of the complaint, sets forth affirmatively that the judgment against the Butte Lumber Company, "a corporation of Montana," "was duly given and made," and by way of confession and avoidance alleges that after the property was attached, one Wagner made a third party claim thereto; that notice of the claim was duly given to the plaintiff with a demand that he furnish the defendant sheriff with a bond of indemnity to protect him; that the plaintiff refused to furnish the bond and "then and there notified defendant that the bond of indemnity would not be furnished," whereupon "defendant relinquished and surrendered the property to the third party so claiming the same." On June 12, 1910, the court refused to open the default and set the judgment aside, and this appeal is from the order of refusal.

1. The contention that the complaint does not state facts sufficient to constitute a cause of action is of no avail to appellant

on this appeal. The allegation therein contained that the "judgment was made, filed, and entered," while not strictly in the [1] words of the statute (Rev. Codes, sec. 6571), is amply cured by the averment of the proposed answer that said judgment "was duly given and made." The defendant employed the exact words of the statute.

The same may be said as to the allegation "the Butte Lumber [2] Company, a corporation." The proposed answer supplies the information that it is "a corporation of Montana."

The only question of fact presented by the answer is, whether the defendant was justified in releasing the property on a third party claim. He tendered no other substantial issue. There is an implied admission therein that the plaintiff's judgment is [3] still in full force and unpaid. The district court properly took these allegations into consideration in determining whether, in the exercise of a sound legal discretion, the default and judgment should be set aside. (*Donlan* v. *Thompson Falls C. & M. Co.*, 42 Mont. 257, 112 Pac. 445.) If the defendant were allowed to file his proposed answer, all of the questions which he now raises as to the sufficiency of the complaint would immediately become altogether immaterial.

The allegation that the defendant was a corporation was [4] sufficient to show its capacity to be sued. (*Pearce* v. *Butte Electric Ry. Co.*, 41 Mont. 304, 109 Pac. 275.)

2. We find nothing in the affidavits to warrant the conclusion that the district court abused its discretion in refusing to set aside the default and judgment. The appellant intrusted the matter of delivering the papers in the case to his deputy, Miller. While it was, of course, his privilege to do so, still he must abide the consequences of Miller's neglect to deliver them to Mr. Parsons personally. He had no authority to deliver them to Mr. Kutchin, and it is not altogether clear that he did so. There [5] is no question of inadvertence or surprise presented. The district court held that the neglect of Miller, defendant's agent,

was not excusable, and we find no abuse of discretion in the ruling. That is the only question for this court to determine.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.