MANERVA J. DAVIDSON et al. v. LACLEDE LAND AND IMPROVEMENT COMPANY, Appellant.

Division One, December 6, 1913.

1. **AFFIDAVIT FOR APPEAL: No Signature to Jurat.** The fact that there is no signature to the jurat of an affidavit for appeal is not fatal when it appears that the clerk personally entered the minutes of the filing of the affidavit, the allowance

of the appeal, etc., and the appellant's attorney testified positively that he signed and was sworn to the affidavit and filed it with the clerk.

2. **PLEADING: Admissions.** The failure of a petition to allege the incorporation of defendant will be cured by an admission thereof in the answer.

3. ———: **Suit to Quiet Title: Petition.** *Held*, that the allegations of the petition in a suit to quiet title do not disclose that defendant claims through a fatally defective record and that accordingly the petition states a good cause of action.

4. **ORDER OF PUBLICATION: Tax Suit: Not Spread of Record: Collateral Attack.** Where the petition in a tax suit alleged the nonresidence of the defendants, and there is no pretense that the clerk did not issue a proper order of publication or that there was any defect in the time or place of its publication; where too the record shows that the plaintiff filed proof of publication and the judgment recites that all the defendants save one, although served with legal process, made default, the judgment cannot be attacked collaterally on the ground that the order of publication was not spread of record by the clerk.

5. **TAX SALE: Sheriff's Deed: Recitals: Conveyance of Tract "Last Described."** A tax deed recites that judgment was rendered for taxes due upon

| "Tract No. | Addition or Town. | Sec. | Twp. | R. |
|---|---|---|---|---|
| 1 | S½ of N E ¼ | 33 | 32 | 2 W |
| | W½ | 34 | | |
| | E½ | 36" | | |

That the taxes and interest due upon said real estate were: "Tract No. 1, $11.42," and also for costs declared to be a lien upon "the above described tracts." Then follows the recitation that by the judgment the total was made a lien, and sale "of said real estate or so much thereof as may be necessary to satisfy" the judgment was ordered. Finally the deed says, after further recitals, that "the sheriff exposed for sale the above described real estate and L being the highest bidder for the following described real estate, viz.: The south half of the northeast quarter of section 33. The west half of section 34 and east half of section 36, township 32, range 2 west, for $37.62, the said last above described tract was stricken off and sold to the said L." *Held*, that the deed conveyed only the land in section 36.

Appeal from Reynolds Circuit Court.—*Hon. Joseph J. Williams*, Judge.

A<small>FFIRMED</small>.

*J. B. Daniel* for appellant.

(1) The amended petition upon which the case was tried fails to state facts sufficent to constitute a cause of action. Turner v. Hunter, 225 Mo. 71; Verden v. St. Louis, 131 Mo. 112. (2) The petition will not support a judgment for lack of any averment therein of the capacity of the defendant to be sued. The burden was on the respondents to plead such capacity. Railroad v. Express Co., 145 Mo. App. 375; 5 Ency. Pl. & Pr. 73. (3) The judgment of the court should have been for the appellant, since it was admitted by the pleadings and shown by the proof that if the respondents ever had a cause of action against the appellant it accrued to them more than ten years before the institution of this suit. R. S. 1909, sec. 1879; Haarstick v. Gabriel, 200 Mo. 237; Summers v. Abernathy, 234 Mo. 167. (4) There is no merit in the contention of the respondents that the court acquired no jurisdiction of Joshua F. Hancock in the tax suit. Childers v. Schantz, 120 Mo. 305; 32 Cyc. 483; In re James, 99 Cal. 374; Horn v. Bank, 125 Ind. 381; Smith v. Valentine, 19 Minn. 452; Fink v. Wallace, 109 N. Y. App. Div. 718; Evans v. Weinstein, 124 App. Div. 316. (5) The land involved in this suit was sold by the sheriff, and the recitations in the deed clearly show that fact notwithstanding the fact that the clerk who wrote the deed failed to add the letter "s" after the word "tract" in the printed form on which the deed was written. Cooms v. Crabtree, 105 Mo. 298; Miller v. Keaton, 236 Mo. 706. (6) The failure of the clerk who wrote the sheriff's deed to ditto the township and range in the second and third lines in the deed where it recites the judgment on which the deed is based did not affect the validity of the deed. The judgment is referred to in the deed, was offered in evidence in this case and contains complete

253 Mo. 15

description. This would cure the error in the deed if it were otherwise fatal. Miller v. Keaton, 236 Mo. 707; Jones v. Driskill, 94 Mo. 190.

*R. I. January, Arthur T. Brewster* and *Sam M. Brewster* for respondents.

(1) The sheriff's deed, by virtue of which appellants claim title, fails to recite a judgment for taxes against the land in suit. Sec. 2392, R. S. 1879; Guffey v. O.'Riley, 88 Mo. 418. (2) "Was the land involved in this suit sold by the sheriff?" No, the same was never stricken off and sold. De Page v. Douglas, 234 Mo. 78; Sazenbacher v. Santhuff, 220 Mo. 283. (3) The sheriff's deed in reciting the judgment on which it is based affirmatively shows upon its face that no taxes were found to be due on the land in suit. Guffey v. O.'Riley, 88 Mo. 418. (4) The failure of the clerk of the circuit court to make and enter of record an order of publication in the tax proceedings deprived the court of jurisdiction of the nonresident defendants. Cummings v. Brown, 181 Mo. 718; Kelly v. Murdaugh, 184 Mo. 377; Otis v. Eperson, 88 Mo. 131; Sec. 627, R. S. 1879; Dick v. Foraker, 155 U. S. 404; Clay v. Dilby, 72 Ark. 101; Article in 69 C. L. J. 443. (5) By the court finding in the tax suit judgment that the Ozark Land Company was the owner of the land, in effect eliminated Joshua F. Hancock as a defendant and his interest in the land never passed by the sale thereunder. Rothenberger v. Garrett, 224 Mo. 201; Stuart v. Ramsey, 196 Mo. 404. (6) This is a suit to quiet title under the broad provisions of Sec. 2535, R. S. 1909, and states a cause of action under said section. Huff v. Land Co., 157 Mo. 65; Spore v. Land Co., 186 Mo. 656; Stone v. Perkins, 217 Mo. 586; Hudson v. Wright, 204 Mo. 412. (7) A defective petition may be cured by admissions in the answer. Gorth v. Coldwell, 72 Mo. 629; Y. M. C. A. v. Dubach, 82 Mo. 475;

Hughes v. Carson, 90 Mo. 402; Donaldson v. County, 98 Mo. 166. (8) Actions to quiet title under Sec. 2535, R. S. 1909, are not barred by the ten-year Statute of Limitations where there is no actual possession. Stone v. Perkins, 217 Mo. 599; Brewster v. Land & Imp. Co., 247 Mo. 223.

BLAIR. C.—This is an appeal from a judgment of the Reynolds Circuit Court setting aside and cancelling a tax deed and quieting in respondents the title to the west half of section 34, township 32, range 2 west, in Reynolds county.

In 1859 the land in question was patented to Joshua F. Hancock. Respondents are his widow and heirs, who claim a one-half interest, having conveyed a like interest to the remaining respondent, January. Hancock died intestate in 1889, owning the land involved here unless his title was devested by the proceedings culminating in the tax deed assailed.

As grounds for canceling the tax deed the petition alleges, among other things, (1) that in the tax suit Joshua F. Hancock was neither served with summons nor notified by publication; (2) that the judgment rendered included the tract in question and two others and was rendered against the whole; and (3) that the land involved was never stricken off and sold to appellant.

Respondents tender a return of all proper sums found due appellant and pray the court to "try, ascertain and determine the estate, title and interest of plaintiffs and defendants, respectively," in the land in question; that the tax deed be set aside, the interests of the respective parties adjudged and for general relief.

Appellant, by its answer, admitted its incorporation and claim of title, denied the other allegations of the petition and pleaded the bar of the ten-year Statute of Limitation.

On the trial it was admitted that Joshua F. Hancock entered the land in question and is the common source of title; that respondents, other than R. I. January, are the sole heirs of Joshua F. Hancock and have executed deeds to January conveying to him one-half of whatever interest they took, as such heirs, in the lands involved.

Respondents called a witness whose testimony tended to show no order of publication in the tax suit had ever been spread of record. Appellant, over objections, offered the tax deed. Respondents then offered the pleadings and judgment in the tax suit.

I.  A motion to dismiss the appeal has been filed. The ground of the motion is that the affidavit for appeal was not sworn to. This rests upon the fact that the jurat is not signed by the clerk or other officer. Notice of the motion was given January 14, 1913, the case being set for argument here January 20, 1913. The record of the trial court shows the filing of an affidavit for appeal and the granting thereon of an appeal to this court, December 17, 1909. Depositions have been taken and are on file which disclose that the circuit clerk personally entered the minutes of the filing of the affidavit for appeal, the allowance of the appeal, etc., but he testifies he does not know why the jurat was unsigned. He has no direct recollection of the happenings at the time but testifies the orders were taken in this and several other cases during the hurry of the closing hours of the term. By deposition appellant's attorney testifies positively he signed and was sworn to the affidavit in this case and in another at the same time and filed both affidavits with the clerk.

There is nothing, except the absence of the clerk's signature, tending to overthrow this testimony and the tendency of the record entries to corroborate it.

*Affidavit for Appeal: No Signature to Jurat.*

The clerk personally made the minute showing the filing of an *affidavit* for appeal and the following minute of the court's order, based thereon, granting an appeal. He had served three years as clerk and it is presumed he knew an affidavit for appeal must be sworn to. He received and filed this paper as such an affidavit. This and the court's action in granting the appeal are to be considered in connection with the evidence mentioned.

Under the rule approved in Clark v. Railroad, 242 Mo. l. c. 589, 593, it sufficiently appears the affidavit was in fact sworn to and it will be treated as sworn to, there being no necessity of going through the now "bare and meaningless formality" of literally inserting the clerk's name above his official designation as it now appears in the affidavit. [Darrier v. Darrier, 58 Mo. l. c. 234.]

II.  The sufficiency of the petition is challenged in this court.

(a)  Whatever the effect the failure of the petition to allege appellant's incorporation

**Admissions in Pleading.** otherwise might have been, the answer expressly admits appellant is a corporation and eliminates the question.

(b)  The allegations of the petition do not disclose that appellant claims alone through

**Quieting Title: Petition.** a fatally defective record, and, consequently, the rule stated in Turner v. Hunter, 225 Mo. l. c. 82, is inapplicable. In that case the petition alleged no judgment had ever been rendered in the tax suit, and Judges WOODSON and VALLIANT were of the opinion this allegation rendered the petition fatally insufficient. There is no such allegation in the petition in this case.

In view of this the question whether the rule mentioned could, in any event, apply to a petition con-

taining allegations that title is in plaintiff and that, defendant claims some interest and praying the court to ascertain and determine the respective interests of the parties (Sec. 2535, R. S. 1909; Spore v. Land Co., 186 Mo. 656) need not be discussed.

III. It is contended the judgment in the tax suit was and is void because the order of pub-

Order of Publication: Not Spread of Record.

lication was not spread of record by the clerk. The petition in the case alleged the nonresidence of the defendants, including Joshua F. Hancock, and there is no pretense the clerk did not actually issue an order of publication in proper manner and form, and it is not contended there was any error or defect in the time or place of its publication.

The record in the case shows that on November 27, 1886, "plaintiff, by attorney and leave of court, files proof of publication of notice to nonresident defendants," and the judgment itself recites all the defendants save the Ozark Land Company, "although served with legal process herein, come not, but make default."

In these circumstances plaintiffs cannot be heard, in this proceeding, to question the sufficiency of the notice by publication on the ground mentioned. [Brawley v. Ranney, 67 Mo. 1. c. 283.] The Missouri cases cited by respondents (Cummings v. Brown, 181 Mo. 711; Kelly v. Murdagh, 184 Mo. 377; Otis v. Epperson, 88 Mo. 131) do not decide the question presented here. In the last there was a failure to designate the paper in which the order was to be published, and the others discussed orders made by the court on a *non est* return. In cases like these last the order is made, if at all, by the court and must be based upon a finding by the court that the defendant cannot be served with process. The observation of the court in Cummings v. Brown, supra, that an order so made must be proved by the record falls far short of a holding that the fail-

ure to record an order of publication against nonresidents, made on an allegation or affidavit of nonresidence, renders the judgment absolutely void. The distinction between the statutes is pointed out in the cases cited.

The general statute (Sec. 627, R. S. 1909) requiring the clerk to make a record of all orders, decrees and proceedings was in force at the time the case of Brawley v. Ranney, supra, was decided, and the clerk's failure to write up his records in accordance with his minutes could hardly be said to oust the court of jurisdiction in any case. Such must be the effect of such a failure if respondents' present contention is to be upheld.

Cases upon statutes providing for the publication of *copies of the record* of orders of publication and statutes mandatorily requiring the recording of such orders prior to publication thereof are not applicable to the question here.

The following decisions further support the conclusion reached: Smith v. Valentine, 19 Minn. 1. c. 460, 461; Fink v. Wallach, 109 App. Div. 1. c. 720, 721; In re James, 99 Cal. 1. c. 377 et seq.

IV. The tax deed recites that the circuit court of Reynolds County rendered its judgment to the use of the collector and against certain named persons for eleven dollars for taxes and interest "found to be due and unpaid upon the following described real estate, viz:

**Sheriff's Deed: "Tract Last Above Described."**

| Tract No. | "Pts. Secs. Lt. or Block Addition or Town. | Sec. | Twp. | R. |
|---|---|---|---|---|
| 1 | S-½ of N E-¼ | 33 | 32 | 2-W |
| | W-½ | 34 | | |
| | E-½ | 36 | | |

"And that the taxes and interest found due upon said real estate, and the years for which the same

were assessed are upon each of the above described
tracts, as follows, viz.:

| "Tract No. | Years for which taxes were found due | Tax. | Int. | Tl. |
|---|---|---|---|---|
| 1 | 1884 | 9.36 | 2.06 | 11.42 |

"And also certain costs which have been taxed at
the sum of sixteen dollars and sixty cents, which said
several sums of taxes, interest and costs were declared
by said court to be a lien in favor of the State of Mis-
souri upon the above described *tracts* of real estate."
Then follows the recitation that by the judgment the
total was made a lien, and sale "of said real estate
or so much thereof as may be necessary to satisfy"
the judgment was ordered and special execution is-
sued; that publication was made and that the sheriff
at the proper time and place, at public auction, ex-
posed for sale the above described real estate, and
Laclede Land and Improvement Company being the
highest bidder for the following described real estate,
viz.: "The south half of the northeast quarter of
section thirty-three. The west half of section thirty-
four and east half of section thirty-six, township thir-
ty-two, range 2 west, for thirty-seven and 62/100 dol-
lars; the *said last above described tract was* stricken
off and sold to the said Laclede Land and Improvement
Company for the sum bid therefor by it as above set
forth."

The concluding paragraph of the deed corre-
sponds in form to that set out and discussed in De-
Paige v. Douglas, 234 Mo. 1. c. 83. In that case each
parcel of land was, in the first instance, separately
given a number in the deed, as a tract, while in this
case the deed first describes the land as set forth
above. It is insisted that "Tract No. 1" included all
the land described and that subsequent reference to
the "last above described tract" therefore was to the
whole.

. The deed, however, recites that the judgment was declared a lien "upon the above described tracts," and it therefore may be said to appear, in view of this recital, that the sheriff had in mind that he was dealing with and offering for sale more than one tract. Having used the plural term in the deed, it is reasonable to conclude he used the singular, and the corresponding verb, advisedly when he stated in the deed that the "last above described *tract was* stricken off and sold," etc.

In the case of Sanzenbacher v. Santhuff, 220 Mo. 274, the deed discussed was exactly like that in this case in the respects above mentioned save the words "Tract No. 1" did not appear in connection with either parcel therein described. The ruling in that case was approved and relied upon in the DePaige-Douglas case. Nearly all that is said in this last mentioned case is applicable in this, and under the rule announced therein and in the Santhuff case it follows that the tax deed in this case conveyed, if anything, only the land in section thirty-six and did not affect the land now in suit.

The certified copy of the record of the tax deed tendered by appellant cannot be considered, not being in the record and its consideration not being agreed to by respondents. This fact and the further fact that the record does not otherwise show what recitals in the tax deed are written and what are printed, as well as the fact that the tax bill in evidence shows that the parcels were separately assessed, renders inapplicable what was said by Division Two of this court in Miller v. Keaton, 236 Mo. l. c. 706, 707.

It is suggested that the decision in Coombs v. Crabtree, 105 Mo. 292, was overlooked by this court in the cases of DePaige v. Douglas, supra, and Sanzenbacher v. Santhuff, supra, is directly in point and ought to result in the reversal of this judgment. In that case it was said: There is nothing in the objec-

tion "founded upon the fact that the letter *s* is omitted from the word tract in the recital of the sale of the several tracts described in the deed to Ford; it appearing plainly on the face of the deed that he was the highest bidder for all of the tracts described in the deed at the price therein stated, and that for that price all the described real estate was sold and by the sheriff conveyed to him, in which description was included the land in controversy."

There is nothing in this language which necessarily conflicts with the cases cited above, but counsel call to our attention the fact that the record in that case shows that the tax deed in judgment was, in the pertinent recitals, like that discussed in DePaige v. Douglas, supra. In one particular, however, there is a difference in the conclusions reached. In Coombs v. Crabtree the land was all in one section, and the description to which the court held the words "the last above described tract" referred to was "the east half of the northeast quarter and the east half of the southeast quarter and the east half of the southwest quarter and the east half of the northwest quarter and the southwest quarter of the northwest quarter of section six (6), township thirty-three (33) of range thirty-two (32)."

The court had before it a previous decision (Sparks v. State Auditor, 57 Mo. 58) in which it had been announced that the statute then (and now) in force (Sec. 11372, R. S. 1909) required all tracts *in the same section* belonging to the same owner to be assessed as one tract and that "the provision is specific and requires them all to be assessed as one tract, and they are declared by law to be but one tract, so far as any and all the acts of the revenue officers are concerned." It may be the court had in mind this decision in reaching the conclusion it did in the Coombs-Crabtree case.

Davidson v. Land and Improvement Co.

In this case and in the Sanzenbacher-Santhuff and DePaige-Douglas cases the parcels described were in different sections. It might be argued that the question in the Coombs-Crabtree case was not what the statute meant but what the sheriff meant in the language he employed in his deed and that the sheriff does not fall within the class designated in Sparks v. State Auditor, supra, as "revenue officers;" but whether these arguments are sound and whether the description in the Coombs-Crabtree case and the fact the land there involved was in a single section are sufficient to dispel the doubt raised by the reference in the deed to the "last above described tract" are questions better postponed, at least, until a like record presents them for decision.

V.   There is no evidence of possession, and the rule approved in Brewster v. Laclede Land & Improvement Company, 247 Mo. 223, might be applied. In view, however, of the fact that there is neither allegation nor proof as to when defendant first set up a claim to the land in suit and the fact that the recording of the deed could not be considered as the assertion of title to land it did not include or convey, the question as to the applicability of the Statute of Limitation, on that account, is not in the case.

There are other questions discussed in the briefs but they become unimportant in view of the conclusion reached in the preceding paragraph.   The judgment is affirmed.   *Brown, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court.   All of the judges concur.