## WHITE v. SHIPLEY et al.

No. 2879. Decided October 7, 1916. (160 Pac. 441.)

1. CORPORATIONS—PLEADING EXISTENCE—NECESSITY OF PROOF. The averment in the complaint that defendant is a corporation is an issuable averment, and when put in issue must be proved. (Page 497.)

2. JOINT-STOCK COMPANIES—SUING COMPANY AS CORPORATION—PLEADING. Comp. Laws 1907, section 2927, as amended by Laws 1911, c. 58, providing that persons associated in business as a joint-stock company, a partnership or other association not a corporation, under a common name, may be sued by such common name, does not relieve plaintiff, suing defendant as a corporation, of the necessity of proving its corporate existence, though the answer allege it to be a joint-stock company. (Page 497.)

3. PLEADING—CURE OF COMPLAINT BY ANSWER—CORPORATE EXISTENCE. Averment in the complaint, of corporate existence of defendant, is not a misnomer, which is cured by the answer alleging it to be a joint-stock company, under the rule that incomplete or defective averments in a complaint of corporate existence are cured by admissions or averments in the answer of corporate existence. (Page 497.)

4. TRIAL—INSTRUCTIONS—CONFORMITY TO EVIDENCE—DAMAGES. Under the rule that an element of damages on which there is no evidence to support it should not be submitted to the jury, the children of deceased being all adults, from thirty-one to forty-eight years old, married and maintaining separate homes, apart from deceased, loss of comfort, society, and companionship of deceased by them should not be submitted; damages for such loss being awarded only in a pecuniary sense, and not as

a solatium, and such pecuniary loss by them being at most only nominal.[1] (Page 499.)

5. MUNICIPAL CORPORATIONS—ANSWER—NEW OR AFFIRMATIVE MATTER. That because of excavations in the middle of the street, in which defendants drove into a person, they drove to the left to deliver a package to a building in the block on that side, is not new or affirmative matter, required to be alleged in the answer, but may be shown under the general issue.[2] (Page 501.)

6. MUNICIPAL CORPORATIONS—PERSONAL INJURY—DRIVING ON WRONG SIDE OF STREET. One merely driving a team on the wrong side of the road in violation of an ordinance is not negligent as matter of law; but whether doing so constitutes negligence depends on the facts and circumstances, and generally is a question of fact, and not of law.[3] (Page 502.)

Appeal from District Court, Second District; *Hon. N. J. Harris*, Judge.

Action by Caroline White, administratrix of William White, deceased against James Shipley and another.

Judgment for plaintiffs. Defendants appeal.

REVERSED.

*Williams & Williams*, for appellants.

*Joseph Chez, A. W. Agee*, and *David L. Stine*, for respondent.

STRAUP, C. J.

This action was brought to recover damages for alleged negligence causing the death of plaintiff's intestate. She had judgment against both defendants, from which both appeal.

In the complaint it is alleged:

"That the defendant the American Express Company is a corporation doing business in the State **1, 2, 3**

---

[1] *Candland* v. *Mellen*, 46 Utah 519, 151 Pac. 341.

[2] *Smith* v. *Ogden & N. W. R. Co.*, 33 Utah 129, 93 Pac. 185.

[3] *Smith* v. *Mining, etc., Co.*, 32 Utah 21, 88 Pac. 683; *Rogers* v. *Railroad*, 32 Utah 376, 90 Pac. 1075, 125 Am. St. Rep. 876; *Jensen* v. *Utah Light & Ry. Co.*, 42 Utah 415, 132 Pac. 8.

of Utah under and by virtue of the laws of said State and was at all times herein alleged.''

Each of the defendants, in separate verified answers, denied:

"That the American Express Company is a corporation doing business in the State. of Utah, but alleges that it is an unincorporated stock association organized under and by virtue of the laws of the State of New York.''

Upon this, among other issues, the case proceeded to trial and judgment. No proof whatever was made or offered that the express company was a corporation. Notwithstanding the defendants, timely and at their first appearance in the case, and seven months prior to the time of trial, specifically and under oath denied that the express company was a corporation and specifically averred that it was an unincorporated stock association, and at the close of the evidence the express company separately moving for a directed verdict in its favor upon the specific ground, among others, for want of proof to support the allegation that the express company was a corporation, the plaintiff, nevertheless, paid no attention to this issue and proceeded to judgment as though the allegation in the complaint of corporate existence had been admitted. The averment is an issuable averment and must be proved when properly raised by the pleadings. Sutherland's Code Pleading, Section 551; 5 Standard Ency. Pro. 645; *Martin* v. *Deetz*, 102 Cal. 55, 36 Pac. 368, 41 Am. St. Rep. 151. It here was properly put in issue. C. L. 1907, Section 3000. To prevail the burden was on the plaintiff to prove the corporate existence. The distinction between a corporation and an unincorporated stock association organized under the laws of New York is shown by the following cases: *Matter of Jones*, 172 N. Y. 575, 65 N. E. 579, 60 L. R. A. 476; *Hibbs* v. *Brown*, 112 App. Div. 214, 98 N. Y. Supp. 353, 190 N. Y. 167, 82 N. E. 1108. The respondent says that because of C. L. 1907, Section 2927, and as amended by Laws of Utah, 1911, c. 58, she was not required to prove the averment, but was entitled to rely, as she did, upon the averment in the answer that the express company was an unincorporated stock company and to proceed to judgment accordingly. That section provides that

when two or more persons associated in business, either as a joint-stock company, a partnership or other association not a corporation transacting business under a common name, they may be sued by such common name. But the plaintiff did not sue the express company as a joint-stock company, a partnership, or other association not a corporation. She sued it as a corporation. She does not help herself by pointing to something she might have done, but did not do. Then she further says that her averment of corporate existence was a misnomer, which was cured by the answer. That position, likewise, is untenable. *Michigan Ins. Bank* v. *Eldred*, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162. The cases cited by her (*St. Louis & S. F. Ry. Co.* v. *Wilhelm*, 49 Tex. Civ. App. 639, 108 S. W. 1194; *First Nat. Bank* v. *Schmidt*, 6 Colo. App. 216, 40 Pac. 479; *Pearce* v. *Butte El. Co.*, 41 Mont. 304, 109 Pac. 275; *Storer* v. *Graham*, 43 Mont. 344, 116 Pac. 1011; *Davidson* v. *La Clede Land & Imp. Co.*, 253 Mo. 223, 161 S. W. 686) do not support her contention. They are to the effect that incomplete or defective averments in a complaint of corporate existence are cured by admissions or averments in an answer of corporate existence. But that is another question, and does not reach the one in hand.

The only beneficiary alleged in the complaint is the administratrix, the widow of the deceased. The defendants, however, on cross-examination of the widow, showed that the deceased left children, but that they were all adults and married, and for a long time prior to the death of the deceased had lived separate and apart from him, who, at the time of his death, was seventy-two years of age. Among other things the court, on damages, charged:

"In determining the amount to be awarded to the plaintiff, in case you find a verdict in her favor, you may also take into consideration the loss of comfort, society, and companionship of said deceased, if any, which the plaintiff, his widow and his children have sustained by reason of his death."

Complaint is made of this. It is conceded that as an abstract proposition the charge is not a misstatement of the law.

It, however, is contended that it is here erroneous because it was not alleged in the complaint that the deceased left any

children, and, further, because not applicable to the evidence. It was indisputably shown that the children, two sons, one forty, the other forty-six, years of age, and five daughters, the youngest thirty-one, and the eldest forty-eight years of age, were all married and had lived separate and apart from the deceased, some in Los Angeles, Cal., some in Salt Lake City, and some in Ogden City where the deceased resided. In an action brought by an administrator to recover damages for the wrongful death of another it is essential to aver that there are beneficiaries or persons entitled under the statute to the benefit of the recovery. Such a person (the widow) was alleged. Since, without objection and by the defendants themselves, it was shown that the deceased also left children, it is not necessary now to decide where some such beneficiaries are alleged whether others not alleged may, without an amendment to the complaint, also be shown and their loss considered and damages awarded for it. So, in determining the damages which the administratrix in her representative capacity was entitled to recover, we, under the circumstances, shall assume that she was entitled to recover for all of the beneficiaries shown by the evidence to have sustained pecuniary loss. But in so considering the matter we are of the opinion error was committed in directing the jury, as was done, that in determining the loss or damage which the children sustained the jury could consider the loss of comfort, society, and companionship. There is no doubt that under the holdings of this court such a charge is proper in a case where there is evidence to show such loss. But here there is no evidence, so far as the children are concerned, to show it. As already shown, the children were all adults from thirty-one to forty-eight years of age, married and maintaining separate homes, and for a long time had lived separate and apart from the deceased. The law awards damages for loss of comfort, society, and companionship only in a pecuniary sense and not as a solatium. Under the circumstances such pecuniary loss sustained by the children at most was but nominal. Indeed, except mere nominal, it is not made to appear that the children sustained any pecuniary loss whatsoever. They received none of the deceased's earnings, nor did he otherwise

maintain them or in any way contribute towards their support. Nor is there anything made to appear that, had he lived his expectancy, they would have received any enhanced inheritance. As to them the court ought to have directed the jury that nothing but nominal damages could be awarded. The charge permitted the jury to award them actual damages. That was wrong. *St. Louis & San Francisco Ry. Co.* v. *Townsend*, 69 Ark. 380, 63 S. W. 994; *North Chicago Street Ry. Co.* v. *Irwin*, 202 Ill. 345, 66 N. E. 1077; *Portsmouth Street Ry. Co.* v. *Peed's Administrator*, 102 Va. 662, 47 S. E. 850; *In re California Nav. & Imp. Co.*, (D. C.) 110 Fed. 670. This is but applying the familiar rule that an element of damage upon which there is no evidence to support it should not be submitted to the jury. *Candland* v. *Mellen*, 46 Utah 519, 151 Pac. 341.

The deceased was a street cleaner working on one of the streets in Ogden City. It is alleged that the defendants, driving a team and an express wagon, negligently ran over him, inflicting injuries from which he died. An ordinance was put in evidence, which provides that:

"Every person using any vehicle on any street in the city of Ogden shall operate, drive or ride such vehicle on the portion of the right of the center of the street, except where the right side of the street is in such condition as to be impassable."

In the block where the accident occurred excavations had been made in the center of the street for double street car tracks which rendered the street impassable by team from one side to the other. On the left side were also mortar boxes in the street used in the construction of a building. The defendants, as they entered the block, drove the team along the left of the center of the street and where the deceased was at work near the mortar boxes. The defendants offered to show that because of the excavations in the center of the street they drove to the left to deliver a package in a building in that block on that side and which could not have been carried from the right side across the excavation. The court did not permit the defendants to show that, on the ground that such matters were not alleged in the answer. We think

the court erred. Such matters were not affirmative nor new matter, but were proper to be shown under the general issue. *Smith* v. *Ogden & N. W. R. Co.*, 33 Utah 129, 93 Pac. 185.

Notwithstanding the excavations in the street and its torn-upon condition, the court, nevertheless, charged that the defendants driving to the left of the center of the street were guilty of negligence as matter of law. In that we think the court also erred. We have held that:

"When a standard of duty or care is fixed by law or ordinance, and such law or ordinance has reference to the safety of life, limb, or property, then, as a matter of necessity, a violation of such law or ordinance constitutes negligence."

We applied that to depositing and maintaining dynamite in a city in violation of an ordinance (*Smith* v. *Mining, etc. Co.*, 32 Utah 21, 88 Pac. 683), to the operation of a steam railway (*Rogers* v. *Railroad*, 32 Utah 376, 90 Pac. 1075, 125 Am. st. Rep. 876), and of a street railway (*Jensen* v. *Utah Light & Ry. Co.*, 42 Utah 415, 132 Pac. 8.) These were all dangerous instrumentalities, the maintenance or operation of which involved safety of life, limb and property. But that doctrine has no application to one merely driving a team or other vehicle not itself a dangerous instrumentality on the wrong side of a street in violation of an ordinance. Whether to do so constitutes negligence is dependent upon the facts and circumstances of the case and, generally, is a question of fact and not of law. It, let it be conceded, ordinarily is evidence of negligence for the consideration of the jury, but cannot as such be declared by the court as here was done. And then the charge was here especially erroneous because of the excavations and torn-up condition of the street. It may be that in view of all the circumstances, due care, as matter of fact, required the defendants, as is contended by the respondent, to have driven around or down the block and then back on the side of the street where the package was to be delivered; but the court was not justified in saying that as matter of law. The determination of it was peculiarly within the province of the jury.

For these reasons the judgment is reversed and the case remanded for a new trial. Costs to the appellants.

FRICK and McCARTY, J.J., concur.