## FLORA v. UNION PAC. R. CO. et al.

No. 4230.   Decided June 8, 1925.   (239 P. 948.)

1. EVIDENCE—OPINION OF WITNESS AS TO WHAT CONDITION OF FRUIT HE SAW ON TREES MIGHT BE IF IMMEDIATELY SHIPPED HELD PROPERLY EXCLUDED. In action against carrier for failing to keep car containing fruit properly iced during transit, opinion of witness as to what the condition of the fruit shipped, and which he saw on trees, would have been, if it had been immediately packed and shipped, *held* properly excluded, on ground that subject-matter of inquiry did not call for opinion evidence, nor invoke matters of fact not describable to jury, nor render it impracticable to put jury in possession of all primary facts on which witness was asked to give his opinion.[1]

2. APPEAL AND ERROR—ADMISSION OF IMMATERIAL EVIDENCE HELD HARMLESS. In action against carrier for failing properly to ice shipment of fruit during transit, admission of immaterial testimony of defendant's station agent that it was not the practice of defendant to supply ice to cars at his station, while the cars were under demurrage, after they had been set out for delivery, *held* harmless.

---

[1] *Smith* v. *Ogden & N. W. R. Co.*, 33 Utah, 129, 93 P. 185.
Headnote 1.   22 C. J. p. 499.
Headnote 2.   4 C. J. p. 969.
Headnote 3.   4 C. J. p. 955.

3.  APPEAL AND ERROR—COURT'S RECALL OF JURY, IN ABSENCE OF
    COUNSEL, TO GIVE CORRECTED INSTRUCTION, HELD NOT TO JUSTIFY
    REVERSAL. Court's recall of jury on own motion, in absence of
    counsel, to give instruction as corrected by court, induced by
    respondent's exception to instruction as given, *held* not to
    justify reversal, notwithstanding Comp. Laws 1917, § 6811, in
    absence of showing of apparent substantial prejudice to appel-
    lant.

Appeal from District Court, Second District, Weber Coun-
ty; *George S. Barker,* Judge.

Action by A. B. Flora against the Union Pacific Railroad
Company and another. Judgment for defendants, and plain-
tiff appeals.

AFFIRMED.

John G. Willis, of Ogden, for appellant.

*Geo. H. Smith* and *R. B. Porter,* both of Salt Lake City,
and *C. R. Hollingsworth,* of Ogden, for respondents.

CHERRY, J.

This action is for damages alleged to have been sustained
by reason of the negligent failure of defendant companies
to properly ice and re-ice a refrigerator car while in transit
between Willard, Utah, and Julesburg, Colo., in which was
being transported a carload of fruit belonging to plaintiff.
A trial by jury resulted in a verdict for defendants, and from
the judgment entered thereon the plaintiff appeals. Three
alleged errors are argued by appellant's counsel, two of which
relate to questions of evidence and one to an irregularity
concerning the instructions to the jury.

For the purpose of proving that the fruit was in good ship-
ping condition when it was loaded, the plaintiff produced, as
a witness, the fruit grower upon whose farm the fruit was
grown, who stated that he was not present when the fruit was

packed and shipped, but had left the state seven or eight days before.  He was asked:

"From what you observed of these prunes and peaches as they were on the trees, before you left, and assuming that they were off about the 13th or 14th of September, and hauled from the packing place immediately, and placed in the car, what would you say was their condition with reference to shipping condition?"

An objection to the question was sustained.  The ruling is assigned as error.  We think the evidence was properly excluded.  The subject-matter of inquiry was not of such character as to call for opinion evidence, nor did it involve matters of fact which could not be described to the jury, nor was it impracticable to put the jury in possession of all the primary facts upon which the witness was asked to give his opinion.  *Smith* v. *Ogden & N. W. R. Co.*, 33 Utah, 129, 93 P. 185.  At least three other witnesses, who were present and saw the fruit in question when it was packed and loaded, testified that it was then green and firm and in good shipping condition, and there was no evidence to the contrary.

The next assignment relates to evidence, admitted over plaintiff's objection.  The local agent of the railroad at Julesburg, as a witness for defendants, testified that the car arrived at his station on Friday evening, September 17th.  On September 19th he examined the car for ice, and found the bunkers two-thirds full of ice.  On the next morning the car was "set out for delivery" to plaintiff, and that no ice was put in the car after its arrival at Julesburg.  He was then permitted to testify, over plaintiff's objections, that it was not the practice of the railroad company to supply ice to cars at his station during that time, or while cars were under demurrage after they had been set out for delivery.

While the evidence was wholly immaterial we see no harm in its reception.  The issue in dispute was whether or not the defendants were guilty of negligence in failing to keep the car properly iced while it was in transit, and until it was delivered to the plaintiff.  The defense was that ample ice had in fact been supplied for the car up to the time

of delivery. The case was submitted to the jury upon that issue. Of course, there was no duty on the part of the carrier to keep the car iced after delivery. The admission of the evidence complained of, even though erroneous, did not affect any substantial right of plaintiff, and was harmless and immaterial.

The irregularity complained of concerning the court's charge to the jury is as follows: Defendants' answer, after denying the negligence alleged, pleaded affirmatively that the carload of fruit had been transported to its destination ''with reasonable dispatch and without any negligence whatever in the handling of the same,'' and delivered to the consignee, who thereafter kept the fruit in the car for about 10 days, during which time he negligently failed to keep the same properly refrigerated, and that whatever damage or deterioration by decay or otherwise resulted to said fruit was caused solely by his own negligence and carelessness, after said carload of fruit was delivered to him, and the inherent nature or quality or defects of the fruit itself.

The affirmative matter thus pleaded was submitted to the jury by an instruction to the effect that the burden of proving the matters alleged, by a preponderance of the evidence, was upon defendants, and in describing the matters pleaded the court followed the language of the answer, including the words ''with reasonable dispatch and without any negligence whatever in the handling of the same.'' Defendants' counsel took an exception to the quoted words. Within 15 minutes after the jury had retired, and in the absence of counsel for both sides, the court, on its own motion, recalled the jury and struck out of the instruction the words above quoted, and said:

"Gentlemen of the jury, I am going to read the instruction numbered 5, as it has been corrected. The case was late in going to the jury, and in an endeavor to save time I had to run some of these off hurriedly. I have discovered a correction I want to make in this instruction No. 5. I will read it to you as it has been corrected, and ask you to examine it after you have reached your jury room, if you desire to."

The instruction, as corrected, was then read to the jury. It is not and cannot be seriously contended that the alteration of the instruction was itself erroneous, or that the instruction, as modified, did not state the correct rule of law concerning the matter referred to. The objection of the appellant is to the irregular manner of making the alteration, in the absence of counsel and on the court's own motion. The modification of the instruction was obviously suggested by the defendants' exception, which the court, after a few minutes' deliberation, considered well founded.

Comp. Laws Utah 1917, § 6811, provides in effect that if, after they have retired for deliberation, there be a disagreement among the jurors as to any part of the testimony, or if they desire to be informed upon any point of law arising in the cause, they shall be conducted into court, and the information given in the presence of, or after notice to, the parties or counsel. Assuming that the statute is broad enough to contemplate the proceeding complained of, which is very doubtful, we are of the opinion that the irregularity or error is of not sufficient importance to justify a reversal of the judgment, because it is not apparent that any substantial prejudice or injury resulted therefrom to the appellant.

There is no substantial merit to the appeal, and the judgment is affirmed.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.