[File No. 6267.]

LARS WEDWIK, Appellant, v. RUSSELL-MILLER MILLING CO., a Corporation and Olaf Simenson, Respondents.

(256 N. W. 107.)

Opinion filed July 3, 1934.

*Claire F. Brickner,* for appellant.

*Conmy, Young & Conmy,* for respondents.

693

BURKE, J. In August, 1931, the plaintiff and the defendant, Simenson, became co-partners in a bakery business, under the name of Quality Bakery at Valley City, North Dakota, and on the 10th day of October, 1931, the said partnership agreed with the Russell-Miller Milling Company for the rental, or purchase, of bakery equipment and machinery in the building in which the bakery was conducted in Valley City and which equipment and machinery was practically all the equipment used in said bakery. On April 3rd, 1932, the plaintiff came to the bakery to fire up the oven and found the shop door locked and the key was left in the lock on the inside. He testified that his partner told him that he could not give him the key; that Mr. Johnson, of the Russell-Miller Milling Company, told him not to let the plaintiff in the shop any more. Plaintiff testified that he went to the telephone called Mr. Johnson and told him that he wanted to see him about the bakery deal and Johnson said: "There is nothing to see about it. You are absolutely done," and Mr. Johnson then hung up the receiver. Plaintiff was never permitted in the bakery after that time, except to get his clothes. The bakery part of the building was locked up for

two days when it was again opened for business by the defendant, Simenson, with another baker in charge. After the conversation between the plaintiff and Johnson, Johnson testified that he called Simenson and told him that the plaintiff had said to him that he would not bake another loaf of bread as long as he (Simenson) had anything to do with the bakery.

Johnson had taken an active interest in starting the bakery and in its successful operation, as it would furnish an opportunity to the Russell-Miller Milling Company to sell the equipment which it already had and also to sell flour and baking material to the bakery. The bakery did not prosper, but on the contrary the undisputed testimony is that it operated continually at a loss and could not meet its obligations.

It is the contention of the plaintiff that the Russell-Miller Milling Company, through its manager, Johnson, and the defendant, Simenson, entered into a conspiracy in violation of subd. 5 of § 9441, Compiled Laws 1913 and § 9445, Compiled Laws, 1913 to oust the plaintiff from the bakery business and interfere with his tools and employment.

At the conclusion of the testimony the defendant moved for a directed verdict on the ground:

"1. There is no testimony in the case showing any conspiracy as charged in the complaint.

"2. There is no testimony that the Russell-Miller Milling Company contributed in any manner to any conspiracy.

"3. There is no testimony showing that the plaintiff suffered any damages.

"4. There is no testimony showing the proper measure of damages in this lawsuit.

"5. The undisputed testimony shows the business of the plaintiff was operated at a loss and at a permanent loss."

At which time the following proceedings were had:

"Mr. Brickner: To which motion the plaintiff each and separately objects to.

"Mr. Conmy: I would like to present the motion because I cannot see what you have to submit to the jury in this lawsuit.

"The Court: The jury may step outside while the argument is had.

"Mr. Conmy: Let me add to the motion that the undisputed testi-

mony shows that the business of the partnership was operated at a loss and at a permanent loss.

"By the Court: Do you contend that there was any intimidation here?

"Mr. Brickner: No.

. . . . . . . . . . . .

"The Court: I think I will overrule the motion. The defendant (may) make a motion for judgment non obstante. I will say this, that it is a very doubtful question if it should be submitted to the jury."

The motion being overruled the case was submitted to the jury and a verdict returned for the plaintiff, upon which judgment was entered and thereafter the defendant moved for judgment notwithstanding the verdict, based upon the motion for a directed verdict at the close of the trial and all the records and files in the action, which motion, after hearing and argument, was granted by the court and from the order granting such motion and the judgment entered thereon the plaintiff duly appeals.

Appellant's specifications of error, from one to seven, all relate to the granting of the motion for judgment notwithstanding the verdict. There is a sharp conflict between the testimony of the plaintiff and the testimony of Simenson and Johnson, but on the motion for judgment notwithstanding the verdict we must assume that the testimony of the plaintiff is true; that is, that he went to the bakery on the 3rd of April, found the door locked, was told by Simenson that Johnson told him not to allow the plaintiff in the bakery and that when he called Johnson on the telephone Johnson told him there was nothing to talk about, that "you are absolutely done" and the question is, does this testimony establish a cause of action upon which the plaintiff is entitled to recover under subd. 5 of § 9441, Compiled Laws 1913. Plaintiff's testimony is, in effect, that Johnson influenced Simenson to break his partnership contract with him and, as stated by the trial judge in his memorandum opinion "For this breach of Simenson's duty, plaintiff had, and has, an action at law on the contract against Simenson for his breach of the contract. The case falls squarely within the rules laid down by the Supreme Court of this State in Sleeper v. Baker, 22 N. D. 386, 134 N. W. 716, 39 L.R.A.(N.S.) 864, Ann. Cas. 1914B, 189. That was an action for conspiracy involving the breach of a contract.

The Court held: 'That an action cannot in general be maintained for inducing a third person to break his contract with plaintiff; the consequence of it all being only a broken contract for which the party to the contract may have his remedy by suing upon it.' " Chambers v. Baldwin, 91 Ky. 121, 15 S. W. 57, 11 L.R.A. 545, and note, 34 Am. St. Rep. 165. Continuing the trial judge said: "The plaintiff failed to make out his case for still another reason. To recover in a civil action for conspiracy the plaintiff must prove actual damages. Youmans v. Hanna, 35 N. D. 479, 160 N. W. 705, 161 N. W. 797, Ann. Cas. 1917E, 263." These North Dakota decisions are supported by the great weight of authority. 12 C. J. 581.

On the question of damages in a conspiracy case the rule is stated as follows in 12 C. J. 581, § 100: "The gist of the action is the damage and not the conspiracy, and the damage must appear to have been the natural and proximate consequence of defendant's act. No recovery can be had for damages which are uncertain, contingent and remote." There is apparently an unbroken line of decisions cited supporting this rule.

In the instant case there is no evidence of any damages whatever and the judgment must be, and is, affirmed.

BURR, Ch. J., and NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.